(137 So. 303)
### KONIDARIS v. BURGESS.
#### 7 Div. 60.

Supreme Court of Alabama.

Oct. 29, 1931.

L. B. Rainey, of Gadsden, for appellant.

Joe F. Duke and Frank J. Martin, both of Gadsden, for appellee.

BOULDIN, J.

Action for damages resulting from collision of plaintiff's truck with defendant's automobile at the intersection of Third street and Second avenue in the city of Attalla.

■ Only one ruling upon 'evidence is presented. Mollie Huff, witness for defendant, having testified she saw the truck pass her house just before the collision, going mighty fast, and there were several boys in the truck, said: "The boys were playing in that truck, just like a crowd of boys would, and I says to another colored woman—" At this point the court sustained plaintiff's objection, and what she said to the other woman does not appear. She did not see the collision, which occurred at the next street crossing as the truck was headed. The truck was being driven by plaintiff's son, 16 years of age. So far as appears her remark to the other colored woman was mere hearsay and irrelevant. It does not come within the rule of declarations as part of the res gestæ as in Stoudemire v.

Davis, 208 Ala. 495, 94 So. 498. See, also, Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 470.

The verdict of the jury specified that the finding for plaintiff was on count 1, a simple negligence count.

■ Refusal of the affirmative charge for defendant on count 3, the wanton count, was harmless.

Defendant's refused charges, 2, 3, and 4, directed to the issue of contributory negligence, were fully covered by given charge 2 and the court's oral charge.

The evidence was in sharp conflict touching the negligence of defendant as the proximate cause of the collision and consequent injury to the truck, and also touching the negligence of the driver of the truck as a contributing proximate cause.

We find no good reason to disturb the finding of the jury on the evidence. A discussion of same in detail is deemed unnecessary.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.