87 So.2d 829

## FIRESTONE TIRE AND RUBBER COMPANY

v.

**W. A. NIXON, as Administrator.**

**6 Div. 445.**

Supreme Court of Alabama.

May 10, 1956.

Rehearing Denied June 14, 1956.

434

McEniry, McEniry & McEniry, Bessemer, for appellant.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellee.

GOODWYN, Justice.

Lula Nixon brought suit against The Firestone Tire and Rubber Company, a corporation, to recover damages for personal injuries allegedly received in a motor vehicle accident at the intersection of Owen Avenue and Center Street in Bessemer, Alabama. The complaint consists of one count in which it is alleged that plaintiff, at the time of the accident, was riding as a guest passenger in an automobile along Owen Avenue near its intersection with Center Street; that, upon approaching Center Street, the defendant's agent, who was then and there acting within the line and scope of his employment, "negligently drove or operated an automobile truck of defendant's out of said Center Street into Owen Avenue, directly in front of the automobile in which plaintiff was riding as a guest"; and that "as a proximate result of such negligence the automobile in which plaintiff was riding as a guest struck the automobile truck of the defendant", causing the plaintiff's injuries. Damages are claimed for cuts and bruises resulting in mental and physical suffering and also for permanent injuries. For answer to the complaint the defendant interposed a plea in short by consent.

The jury returnd a verdict in favor of plaintiff for $2,000 and judgment was rendered thereon. Thereafter, defendant filed a motion for a new trial, which was overruled. From said judgment and the ruling on said motion defendant brought this appeal.

Suggestion of plaintiff's death being made prior to submission here, the cause was revived in the name of the administrator of her estate.

■ The first assignment of error relates to the refusal of the trial court to give defendant's requested charge 8. Aside from any other consideration justifying its refusal, it was properly refused for the reason that it is predicated on the jury's "belief" from the evidence instead of the correct term "reasonably satisfied". As said in Southern Railway Co. v. Sanford, 262 Ala. 5, 10, 76 So.2d 164, 169:

"* * *. This court will not reverse a trial court for refusing to give charges which use the word 'believe' instead of the correct term 'reasonably satisfied,' this last term being the appropriate term expressing the degree of conviction essential to establish an issue of fact in a civil case. St. Louis-San Francisco Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433, and cases cited; W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526, and cases cited. This rule does not have application to the general charge. See our recent case of Walker v. Bowling, 261 Ala. 46, 72 So.2d 841, and cases cited there."

■ The second, third, ninth and tenth assignments of error relate to the refusal of the trial court to give defendant's requested charge that the plaintiff could not be awarded damages for permanent injuries, and in orally charging the jury that they "would be authorized to consider any permanent injury that (plaintiff) may have received as a proximate consequence of the alleged negligence". We find no merit in these assignments. On consideration of the record we think there is sufficient evidence from which the jury might reasonably have inferred that plaintiff's injuries were permanent.

■ The other assignments of error relate to the overruling of the defendant's motion for a new trial based on the grounds that the verdict was contrary to the great weight of the evidence, that it was so contrary to the great preponderance of the evidence as to show passion, prejudice or bias on the part of the jury towards the defendant, and that it was excessive. Considering these assignments in the light of controlling rules of review, long established and adhered to, we cannot say that the trial court erred in overruling the defendant's motion for a new trial. Cobb v. Malone, 92 Ala. 630, 633, 635, 9 So. 738; Louisville & Nashville Railroad Co. v. Tucker, 262 Ala. 570, 581, 80 So.2d 288; Simpson v. Birmingham Electric Co., 261 Ala. 599, 600–601, 75 So.2d 111; Montgomery City Lines v. Davis, 261 Ala. 491, 494–495, 74 So.2d 923; Hudson v. Stripling, 261 Ala. 196, 203–204, 73 So.2d 514; Ganey v. Henley, 260 Ala. 514, 516–517, 71 So.2d 281; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 264–265, 69 So.2d 449; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 580, 52 So. 2d 190; Smith v. Smith, 254 Ala. 404, 408, 48 So.2d 546; Wilson & Co. v. King, 250 Ala. 90, 91, 33 So.2d 351; Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Yarbrough v. Mallory, 225 Ala. 579, 581–582, 144 So. 447.

■■ What was said in Smith v. Smith, supra [254 Ala. 404, 48 So.2d 548], is applicable here, viz.:

"The appellant urges with great earnestness that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence. Where there is evidence which if believed justifies the verdict, a motion for a new trial is properly overruled. Johnson v. Louisville & Nashville R. R. Co., 240 Ala. 219, 198 So. 350; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when

the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796."

■ With respect to the insistence that the verdict is excessive, we quote the following from Hudson v. Stripling, supra [261 Ala. 196, 73 So.2d 519]:

"This court has often said that it will not substitute its judgment for that of the jury and the court below unless 'the amount is so excessive, or so grossly inadequate, as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury.' * * *"

■ We find no basis for holding that the amount of the verdict is "indicative of prejudice, passion, partiality, or corruption on the part of the jury'".

There being no error to reverse, the judgment is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.