124 So.2d 67

**FAIRVIEW VILLA, INC.**

v.

**CITY OF MONTGOMERY.**

3 Div. 801.

Supreme Court of Alabama.

Nov. 3, 1960.

Capell, Howard & Cobbs, Montgomery, for appellant.

Walter J. Knabe, Montgomery, for appellee.

COLEMAN, Justice.

The City of Montgomery constructed curb, gutter, and sewer improvements on Fairview Avenue and, as provided by statute, assessed costs against appellant as an abutting owner. Appellant appealed to the circuit court and judgment on the verdict of a jury was there rendered against appellant for $2,112.76. The amount of the verdict and the amount first assessed by the city are the same. From that judgment appellant prosecutes this appeal.

Appellant argues that the court erred in overruling the grounds of the motion for new trial taking the point that the verdict and judgment are not sustained by the great preponderance of the evidence and are contrary to the law and facts in the case.

Appellant offered testimony to the effect that its property derived no special benefit from the improvements and that, on the contrary, its property had been decreased in value. Appellant argues that the testimony of appellee's witnesses failed to establish the fact that the abutting property had received any special benefit or that the benefit amounted in dollars and cents to the amount of the verdict.

■ Without undertaking to set out all the evidence, we note that the witness Hall, a real estate appraiser, testified that he was familiar with the abutting property before and after the improvement. Among other questions, he was asked: "Q. Now, did you observe this property after the improvements were made; by the improvements I mean the curbing and guttering?"

He answered: "Well, yes, sir, the drainage situation in my observation is improved." He was later asked: "Q. Under that limitation, do you have any opinion as to whether or not there was any special benefit accruing to the property which constitutes Fairview Villa as a result of the improvements made by the curbing and guttering you observed and testified about; did you have any opinion whether that exerted any influence on the benefit of this property?" He answered: "A. Yes, I think the improvement enhanced it by $3,000.00." The witness Armstrong, with experience in appraising real estate, testified that the improvement enhanced the value of the property $2,000. We interpolate that the action of the court here under review concerns the weight and sufficiency of the evidence and not the admissibility of evidence or form of questions propounded to the witnesses.

■■ The evidence presented a factual issue to be decided by the jury. Under the well-known rules of review pertaining to motions for new trials in jury cases, Cobb v. Malone, 92 Ala. 630, 9 So. 738, we cannot say, after allowing all reasonable presumptions of the correctness of the verdict, that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. When there is evidence on both sides, or some evidence to support the verdict, it should not be set aside because it may not correspond with the opinion of the court as to the weight of the testimony or because it is against the mere preponderance of the evidence. Moreover, where the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Firestone Tire & Rubber Company v. Nixon, 264 Ala. 433, 87 So.2d 829.

We are of opinion that the court did not err in overruling the ground of the motion for new trial which takes the point that the verdict was excessive. We find no basis for holding that the amount of the verdict

is indicative of prejudice, passion, partiality, or corruption on the part of the jury. Firestone Tire & Rubber Company v. Nixon, supra.

■ Appellant asserts that the court erred in allowing the city to have both the opening and closing argument to the jury. Appellant argues that because, in the circuit court, the law places on the property owner the burden of proving that the assessment is excessive, Sloss-Sheffield Steel & Iron Co. v. City of Birmingham, 201 Ala. 542, 78 So. 896, City of Montgomery v. Mott, 266 Ala. 422, 96 So.2d 766, the property owner ought to have the status of appellant in the circuit court and, therefore, the right to open and close. In support of this contention appellant cites Circuit Court Rule 23, Code 1940, Tit. 7 Appendix, which provides that in cases on appeal the circuit court is governed by rules of the Supreme Court, as far as applicable, and Supreme Court Rule 5, Code 1940, Tit. 7 Appendix, which provides that, ordinarily, appellant is entitled to open and close the argument. Appellant insists that it is grossly unfair to allow the city to make out a prima facie case by introducing the transcript of its own proceedings and then give to the city the status of plaintiff in the circuit court.

It is true that Sloss-Sheffield Steel & Iron Co. v. City of Birmingham and City of Montgomery v. Mott, supra, do hold that, under § 549, Title 37, Code 1940, when the municipality has introduced the transcript of the proceedings of the city relating to the assessment, the property owner, appellant in the circuit court, has the burden of proving that the assessment was excessive. It is also true, however, that on such appeals, the opinions and records refer to the city as plaintiff and to the owner as defendant. Ex parte Hill, 194 Ala. 559, 69 So. 598; City of Decatur v. Polytinsky, 221 Ala. 540, 130 So. 66; City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168. In Sloss-Sheffield Steel & Iron Co. v. City of Birmingham, supra, in the record filed on ap-

peal, charges 6 and 7, which were given at the city's request and approved by this court in the opinion, appear under the heading: "Plaintiff's Given Charges." The motion for new trial filed in that case by the property owner in the circuit court commences: "Now comes the defendant * * *." Under the signature of the attorneys filing the motion for new trial on behalf of the owner appears the descriptive phrase: "Attorneys for Defendant." The bill of exceptions refers to the city as plaintiff and to the owner as defendant. It appears well established that in such cases the city is regarded as plaintiff and the landowner as defendant.

The rule that the plaintiff is entitled to open and close the argument before the jury apparently has prevailed unchanged in this state for many years. In Worsham v. Goar, 4 Port. 441, 447, this court said:

"It was the practice, ever since the organization of our State government, up to the July term, eighteen hundred and twenty of this Court, for the party holding the affirmative of an issue, to open and conclude the argument to the jury. At that term, rules were adopted, in lieu of those pre-existing, and the previous rule, declaring such to be the practice, was omitted. The nineteenth rule, for the government of the practice 'in the Circuit and County Courts,' directs, 'If the counsel for the plaintiff waives the right of opening the argument, he shall not have the right of concluding.' This rule, if it does not give the right to a plaintiff to open and conclude his argument, is certainly founded upon a concession, that he already had that right. So that in the refusal to allow it to the defendant below, there is no error."

In Grady's Adm'r v. Hammond, 21 Ala. 427, the judgment was reversed because the trial court refused to allow plaintiff to open and close the argument to the jury, although in making up the issue on the trial, the opposite party was made to affirm the

fairness and good faith of the transfer of a note to the opposite party. In Alabama Central Railroad Co. v. Musgrove, 169 Ala. 424, 53 So. 1009, on the trial in the circuit court on appeal in a condemnation proceeding, the railroad, petitioner, was denied the right to open and close. In holding this action reversible error the court said:

"The first question presented for consideration is: Which of the parties, plaintiff or defendant, was entitled to the opening and conclusion in the trial of the cause in the circuit court? That court, over the objection of the railroad (petitioner), allowed the landowner to open and conclude. In this ruling the court committed reversible error. It has been decided by this court that the party instituting the proceeding should be allowed the opening and conclusion. Montgomery So. Ry. Co. v. Sayre, 72 Ala. 443. This case is recognized by the appellee; but her counsel insist that the denial of the right to appellant deprived it of no constitutional, statutory, or common-law right. Whatever may be the rule in this respect in other jurisdictions as to the right in question judgments have been reversed for the refusal of the trial court to allow it, and we cannot avoid a reversal here without disregarding our precedents. They have stood many years as the law of the land, no cogent reason has been assigned for our departing from them, and we decline to do so. * * *" 169 Ala. 424, 427, 428, 53 So. 1009, 1010.

So, in the case at bar, the trial court followed the rule in this jurisdiction and did not err in refusing to allow the landowner, as defendant, to open and close the argument to the jury.

No error being shown, the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.