124 So.2d 672

**TALLAPOOSA RIVER ELECTRIC COOPERATIVE, INC.**

v.

Robert T. BURNS et al.

5 Div. 704.

Supreme Court of Alabama.

Nov. 17, 1960.

W. C. Hines, LaFayette, J. M. Williams, Jr., and Rushton, Stakely & Johnston, Montgomery, for appellant.

**436**

Joe T. Burns, Wedowee, and Lewis H. Hamner, Jr., Roanoke, for appellees.

LIVINGSTON, Chief Justice.

Robert T. Burns and the Cosby-Hodges Milling Company, a Corporation, brought suit against the Tallapoosa River Electric Cooperative, Inc., a Corporation, for causing the death of some 2100 baby chicks. The jury returned a verdict for $1500. The defendant moved the court for a new trial. On hearing the motion for a new trial, the trial judge overruled said motion on the plaintiff's filing a remittitur of all damages in excess of $1,050, which remittitur was filed by the plaintiffs, and the defendant appealed.

The original complaint contained two counts based upon the simple negligence of the defendant in its failure to furnish electrical current in sufficient quantities to properly heat plaintiffs' brooder houses. Demurrers were interposed to these two counts and overruled. A third count, also for simple negligence, was added by amendment, but the demurrers were not refiled to the complaint as amended. The facts are, in substance, as follows:

Burns, a farmer in Randolph County, contracted with the Cosby-Hodges Milling Company to raise baby chicks. The milling company agreed to furnish the baby chicks and the feed. Burns agreed to supply the labor and the electricity for running the brooder houses, and it was further agreed between the parties that when the baby chicks were 14 weeks old, the milling company would take them and pay Burns 20¢ each for his time and labor.

The brooder houses were supplied with electricity by the defendant. About the 13th day of March 1957, the milling company sent Burns 7300 baby chicks which he put in his brooder houses. The electricity furnished by the defendant did not heat the brooder houses to the required degree, and as a consequence the baby chicks chilled, became sick, smothered, froze, and some

2100 died. In short, each of the three counts in the complaint is based on the simple negligence of the Cooperative in its failure to supply voltage high enough to heat the brooders to a proper degree of heat.

There are five assignments of error. No. 4 is based on the refusal of a requested written charge, but is not argued in brief and is, therefore, waived. Assignment No. 1 complains of the overruling of appellant's demurrer to Counts 1 and 2 of the complaint; Assignment No. 2 is the court's refusal to exclude the plaintiffs' evidence; Assignment No. 3 is based on refusal to the defendant of the general charge with hypothesis, and Assignment No. 5 is the overruling of appellant's motion for a new trial.

■ Appellant's Assignment of Error No. 1 complains of the trial court's action in overruling appellant's demurrer to Counts 1 and 2 of the complaint. We need not inquire into the sufficiency of Counts 1 and 2 on demurrer. It is clear enough that each of the Counts, 1, 2 and 3, presents the same issue, and evidence offered under either count was admissible under the others. The verdict is properly referrable to either count. Conceding the insufficiency of Counts 1 and 2, the trial court's action in overruling the demurrer thereto was error without injury, since the jury's verdict could be referred to Count 3 of the complaint which was not tested by demurrer. Louisville & Nashville R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203; Hinkle v. Latta, 33 Ala.App. 567, 35 So.2d 521

■ Appellant's Assignment of Error No. 2 is without merit. It is not reversible error to deny, in a civil case, the defendant's motion to exclude the plaintiff's evidence. McMullen v. Daniel, 229 Ala. 194, 155 So. 687; Brooks v. City of Birmingham, 31 Ala.App. 496, 19 So.2d 74.

Assignment of Error No. 3 is based on the refusal of the trial court to give the

general charge with hypothesis for the defendant.

 If there was a scintilla of evidence supporting the action, the affirmative charge was properly refused. We are persuaded that the reasonable inference arising from the whole evidence would furnish a scintilla to support the verdict and the trial court ruled correctly to that effect. McHugh v. Harrison, 266 Ala. 138, 94 So.2d 756; Vulcan Life & Accident Ins. Co. v. Standifer, 266 Ala. 246, 97 So.2d 568; 18A Ala.Dig., Trial, ☞139(1). Nor was there error in the denial of the defendant's motion for a new trial. The weight of the evidence and the credibility of the witness were passed on by the jury. The presiding judge, in denying the appellant's motion for a new trial, gave evidence of his satisfaction with the verdict. The verdict of the jury is presumed to be correct and will not be reversed unless after allowing all reasonable presumption of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Shelby County v. Oldham, 264 Ala. 626, 89 So.2d 106.

It is also recognized by this court that when the trial judge refuses, as he did in the case before us, to grant a new trial, the presumption of the correctness of the verdict of the jury is strengthened. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838; Shelby County v. Oldham, supra.

As stated above, Assignment of Error No. 4 is not argued in brief and is, therefore, waived. Supreme Court Rule 9, Code 1940, Tit. 7 Appendix.

We find no error and the case is due to be, and is, affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.