152 So.2d 156

**Joan RANDOLPH**

v.

**Billy Jack GREASON.**

**7 Div. 599.**

Supreme Court of Alabama.

April 11, 1963.

Beck & Beck, Fort Payne, for appellant.

Kellett & Hunt, Fort Payne, for appellee.

SIMPSON, Justice.

Appeal by the plaintiff from a judgment on a jury's verdict in favor of the defendant in an action for personal injuries.

The complaint, charging simple negligence in blocking a public roadway, alleged that appellant was riding in an automobile being driven by another person on Alabama Highway 75, that they saw a bundle of lumber tied together lying crossways in the highway, and as they approached the lumber they observed a pickup truck (appellee's) coming toward them; the driver of the car slowed almost to a stop; and as they were slowing they were hit from the rear by another car. Various injuries were alleged to have been proximately caused by the negligence of appellee in blocking the road with the lumber.

It appeared that appellee had purchased the lumber, which was loaded on the rear of his pickup truck by mill employees, and he was returning home with it. He had noticed that the lumber was missing from the truck and was returning at the time of the wreck to pick it up. Appellee was driving the pickup truck that was meeting the car in which appellant was riding.

It appeared, or the jury could have found, that the lumber was tied in a bundle consisting of three small pieces of molding about 12 feet long. A section of the same or similar pieces was received in evidence as part of appellee's case.

We address ourselves to the assignments of error which are substantially argued in appellant's brief.

■ Appellant insists that the trial court erred in refusing to give the following charge:

"The Court charges the Jury it is the duty of a person, as a matter of Law when he is hauling lumber along the Highway of this state on a motor vehicle, to tie down or fasten said lumber so it will [sic] fall off along on [sic] on the Highway."

The charge is obviously bad. It omits a word necessary to its meaning and is therefore elliptical. It is proper to refuse an elliptical charge. Bevill v. Wilkins, 216 Ala. 299, 113 So. 28; Howell v. Smith, 206 Ala. 646, 91 So. 496; Marbury Lumber Co. v. Heinege, 204 Ala. 241, 85 So. 453. Also, nowhere do we find the refusal of this exact charge assigned as error, and it is not made a ground in the motion for new trial. There is, therefore, nothing invited for review. Southern Benefit Life Ins. Co. v. Holmes, 265 Ala. 48, 89 So.2d 530; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639; Halle v. Brooks, 209 Ala. 486, 96 So. 341. Moreover, it appears that the substance of this charge was adequately covered in the oral charge of the court. Section 273, Title 7, Code of Ala. 1940, and annotations.

■ Appellant further insists that the trial court erred in refusing to give the affirmative charge with hypothesis for appellant. In considering this contention, we are required to view the evidence in the light most favorable to appellee. Textile Mills, Inc. v. Colpack, 264 Ala. 669, 89 So. 2d 187; Hasty v. Hasty, 260 Ala. 90, 69 So.2d 282; Aircraft Sales & Service v. Gantt, 255 Ala. 508, 52 So.2d 388. Before such a charge is due the evidence must be clear, without conflict, and must leave nothing to be done except to draw a legal conclusion from the facts. Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177; Watts v. Metropolitan Life Insurance Co., 211 Ala. 404, 100 So. 812. So considered, it is clear that there was a material conflict in the evidence. The circumstances of the case leave open a very doubtful question of whether there was an intervening cause between appellee's purported negligence and injuries to appellant. This would be a proper question for the jury. The question of intervening cause is certainly controverted, and at the very least would be unclear from the evidence. We also notice that there was a conflict in the evidence as to the size of the bundle of lumber. We, therefore, cannot declare er-

**92**

ror by the refusal for the plaintiff of the affirmative charge.

Appellant urged in her motion for a new trial and argues here that the jury's verdict in favor of appellee is against the great preponderance of the evidence. The verdict of the jury is of course presumed to be correct and will not be reversed unless after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is against the verdict, and is so decided as to clearly convince the court that it is wrong and unjust. Tallapoosa River Elec. Co-op, Inc. v. Burns, 271 Ala. 435, 124 So.2d 672. The lower court refused to grant a new trial, so this strengthens the presumption in favor of the correctness of the verdict. Fairview Villa, Inc. v. City of Montgomery, 271 Ala. 360, 124 So.2d 67; Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441. We have stated many times that no ground is more carefully scrutinized or rigidly limited than that the verdict is against the weight of the evidence. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; Mobile City Lines, Inc. v. Hardy, 264 Ala. 247, 86 So.2d 393; Firestone Tire & Rubber Co. v. Nixon, 264 Ala. 433, 87 So.2d 829. Governed by these precepts, we cannot say that the verdict of the jury was against the great preponderance of the evidence. To the contrary we think it clear that the jury was fully justified in finding for appellee. This is apparent even from the facts set out in appellant's brief. The jury's verdict could have been properly based upon the remoteness of appellee's alleged negligence or the lack of proximate cause, and that the real, direct, or proximate cause was the intervening negligence of some third party, viz., the driver of the other automobile which struck the rear of the car in which appellant was riding.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.