255 So.2d 38

**James W. OTT**

**v.**

**Vickie Wills FAISON.**

**4 Div. 405.**

Supreme Court of Alabama.

Nov. 18, 1971.

Richard H. Gill, Truman Hobbs, Montgomery, James H. Farmer, Jr., Dothan, for appellant.

Alto V. Lee, III, William L. Lee, III, Dothan, for appellee.

## 702

COLEMAN, Justice.

Defendant appeals from judgment for plaintiff in action for personal injury. Plaintiff claimed damages for a burn on her left hip which she allegedly sustained when she slipped and fell on a liquid substance on the floor of defendant's night club.

The complaint contains two counts. In Count I, plaintiff alleges that defendant did so negligently maintain and care for said premises as to negligently permit or allow a foreign substance containing acids likely to cause severe burns to be placed on or to remain on the floor, and, as a proximate consequence of defendant's negligence the plaintiff was caused to slip and fall and to suffer the injuries complained of.

In Count II plaintiff alleges that defendant wantonly permitted or allowed the foreign substance to remain on the floor.

Defendant did not demur to the complaint. Defendant filed pleas of the general issue and contributory negligence. Issue was joined on the pleas. The cause was submitted to the jury on both counts.

At the conclusion of the court's oral charge to the jury, the court asked whether the parties were satisfied with the oral charge, and defendant's answer was in the affirmative. No exception was reserved to the oral charge.

The jury returned a verdict for plaintiff on Count I of the complaint and as-

sessed her damages at $20,000.00. Judgment for plaintiff was rendered according to the verdict.

Defendant filed motion for new trial. The court found that the amount of damages was excessive and granted a new trial unless plaintiff should file a written agreement for reduction of the judgment to $14,000.00. Plaintiff filed such agreement and the judgment was reduced to $14,000.-00. Defendant appeals and has assigned twenty-three errors. We will consider those assignments which defendant undertakes to argue.

### Assignment 2.

█ This assignment recites:

"2. For that the verdict of the jury is contrary to the evidence in the case."

Defendant cannot succeed on this assignment. It presents nothing for our review since it does not allege error by the trial court in any respect.[1]

### Assignments 4 and 5.

These assignments recite:

"4. For that the said verdict is excessive.

"5. For that the verdict of the jury is so excessive as to shock the conscience of this Court, and was a result of bias, passion or prejudice against the defend-

---

1. " * * * The holdings of this court are to the effect that such assignments of error present nothing for our review since they do not allege error for failure to grant the motions for new trials nor do they allege error by the trial court in any respect. Life & Casualty Ins. Co. of Tenn. v. Womack, 228 Ala. 70, 151 So. 880; Central of Ga. Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358 (Ante, p. 31). The opinions in the two cases last cited do not show the assignments of error which we held to be inefficacious because they failed to refer to any ruling of the trial

court. However, an examination of the original transcripts reveals that such assignments of error are in all material respects the same as the first five assignments of error in the instant case." King v. Jackson, 264 Ala. 339, 342, 87 So.2d 623, 625.

See also: Mulkin v. McDonough Construction Co., 266 Ala. 281, 95 So.2d 921; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Riddle v. Dorough, 279 Ala. 527, 187 So.2d 568; Horton v. Mobile Cab & Baggage Company, 281 Ala. 35, 198 So.2d 619.

ant, and remittutur of said verdict of the jury should therefore be made by the Court to an amount which the Court finds is reasonably sustained under the evidence in this case."

These assignments do not point out or specify any action of the trial court or allege that the trial court committed error in any respect. Under the decisions of this court, these assignments present nothing for review. See Footnote 1.

*Assignments 6, 7, 8, 19, and 21.*

■ Defendant says in brief:

"These five assignments of error all relate to the total failure of the Trial

Court to charge the jury on the defense of contributory negligence, to define such negligence or explain its legal effect. * * *."

Defendant is not here complaining of the refusal of any written charge requested by defendant. As already stated, defendant did not reserve any exception to the court's oral charge.

To invite a review of claimed error in an oral charge, an exception should be taken pointing out the particular part of the charge of which complaint is made. Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447.

At plaintiff's request in the instant case, the court did charge the jury that: "Contributory negligence is no defense to wanton negligence * * *." If explanation or amplification of the charge was deemed desirable by the defendant, he should have requested instructions to that end. Story v. McWhorter, 216 Ala. 604, 114 So. 206.

These assignments are without merit.

*Assignments 9, 10, 11, 12, and 13.*

Defendant says in brief: "These assignments of error all are directed to the Trial

Court's charge that ordinary bathroom cleaner was a dangerous instrumentality, raising a special duty of care on the part of the defendant rather than charging on the correct standard of care applicable to maintenance of the premises."

Here, again, defendant complains of the court's oral charge to which defendant did not except. These assignments are without merit.

*Assignments 13 and 15.*

■ Defendant says in brief that: "The error complained of under these Assignments relates to the Trial Court permitting the jury to find a verdict under the wanton count * * *."; and defendant urges us to consider argument that the verdict is excessive.

In reviewing a judgment for plaintiff in an action for damages resulting from collision of plaintiff's truck and defendant's automobile this court said:

"The verdict of the jury specified that the finding for plaintiff was on count 1, a simple negligence count.

"[2] Refusal of the affirmative charge for defendant on count 3, the wanton count, was harmless." Konidaris v. Burgess, 223 Ala. 512, 513, 137 So. 303.

In the instant case the verdict specifies that the finding is on Count I. Error, if any, in submitting Count II to the jury was harmless.

*Assignment 1.*

This assignment recites:

"1. For that the verdict of the jury is contrary to the law of the case."

This assignment presents nothing for review. King v. Jackson, supra.

*Assignment 23.*

Defendant asserts that the trial court erred in overruling his motion for a new trial. In substance, defendant contends that the court should have granted the motion for two reasons; first, because the verdict against defendant is contrary to the evidence and failed to do justice between the parties.

■ There is evidence to effect that plaintiff went to defendant's night club between ten and ten thirty in the evening. She remained there until around one o'clock. She had two drinks, one-half of the second drink being on her table at the time she fell. There is testimony that she was not intoxicated. She walked to another table and started to sit down. Her left heel slipped and she fell to the floor on her left hip. There was a thick liquid substance on the floor and it burned her.

Defendant testified that people do get intoxicated at his night club. He was a licensee of the Alabama Beverage Control Board and sold alcoholic beverages on the night plaintiff was injured. He had a dance floor there and an orchestra.

There was introduced into evidence a red bottle marked plaintiff's Exhibit 2. There is evidence to the effect that in the bottle was a liquid substance containing sulfuric acid used for cleaning drains, that defendant purchased the bottle, that defendant had stated to plaintiff that she fell in liquid drain cleaner which had been in the men's restroom and defendant had forgotten and left it there that afternoon, that the restroom was open to patrons of the night club and people who get intoxicated use the restroom, that the red bottle was on a table outside the restroom about an hour before plaintiff was injured, that after the injury there was liquid on the floor where plaintiff had fallen and the red bottle was found in a corner on the other side "of the table" next to the wall, that after the fall the clothes plaintiff was wearing smelled like sulfuric acid, that plaintiff left her clothes at the night club when she went to the hospital after her fall, that defendant had said the clothes were not any good and he had thrown them away. There was conflicting evidence.

We are of opinion that the evidence supports a finding that plaintiff was an invitee at defendant's place of business, that defendant breached the duty owed by a proprietor to a business invitee, and that defendant's breach of duty proximately caused plaintiff's injury.

■ Defendant's second reason for contending that overruling the motion for new trial was error is that the verdict is excessive. There is evidence that plaintiff was in the hospital for twenty-eight days, that she was unable to work for six weeks, that she earned $85.00 per week as a beautician, that the size of the burned area on her hip was nine by seven inches "in its greatest diameter," that she underwent an operation wherein skin from an uninjured part of her body was engrafted on the burned area, that her hospital bill was approximately $1,600.00. The court and jury viewed the plaintiff's hip.

On hearing the motion for new trial, the court reduced the judgment by $6,000.-00. In view of the presumption in favor of the findings of the jury and trial court, who are better advantaged to assess plaintiff's damage than is this court, we are of opinion that we would not be justified in setting aside the judgment and ordering a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Thompson, Jr., Inc. v. Shelton, 277 Ala. 148, 167 So.2d 715.

Affirmed.

BLOODWORTH, MADDOX and McCALL, JJ., concur.

HEFLIN, C. J., concurs in result.