259 So.2d 797

**Willie Clay KILCREASE et al.**

**v.**

**James Howard HARRIS.**

**4 Div. 427.**

Supreme Court of Alabama.

March 23, 1972.

Albrittons & Rankin, Andalusia, for appellants.

Tipler, Fuller & Barnes, Andalusia, for appellee.

" * * * The evidence will show you that he [plaintiff] has already had between eleven and twelve thousand dollars of medical expense, hospital, doctors; and nurses, not counting the mother as a nurse and the father and their expenses. The evidence will show that the father has mortgaged his farm . . . "

After the court sustained the appellants' objection to the above, appellants' counsel then stated: "That is highly prejudicial." The court then again sustained the objecttion and instructed counsel for the appellee not to refer to the matter. Thereupon the appellants moved for a mistrial. The court denied the motion, and instructed the jury to disregard the statement.

▇▇▇ In deciding whether a statement of the sort at hand is so grossly improper or so highly prejudicial as to warrant our reversing the action of the trial court for denying appellants' motion for a mistrial, we have found no case to fit the precise situation. It has been said that each case of this character must be decided upon its own merits and that there is no horizontal rule by which these qualities can be ascertained in all cases. Much depends on the issues, the parties, and the general atmostphere of the particular case. The final test is: "Can the prejudicial tendency or effect of the improper statement be counteracted by an appropriate instruction from the trial judge, or is it probably beyond the reach of such remedial action?" Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80, 85. See also Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 461, 113 So. 403; Southern Ry. Co. v. Jarvis, 266 Ala. 440, 446, 97 So.2d 549; Daniel Construction Co. v. Pierce, 270 Ala. 522, 530, 120 So.2d 381; Argo v. State, 282 Ala. 509, 512, 213 So.2d 244. Since the trial judge was present, saw and heard what took place, assessed the tone of the statement, and observed the reaction of the jury and that of others about him to the remark of counsel, as well as the follow-up effect of his own rulings and instruction to the jury, much discretion is to

McCALL, Justice.

The defendants, Willie Kilcrease and his principal, Oil Well Company, Inc., a corporation, appeal from a circuit court judgment against them in favor of the plaintiff, James Howard Harris. The litigation arose out of an accident between two motor vehicles on U. S. Highway 331 near McPhail Farm Road, on the north side of Florala in Covington County, Alabama. Following the jury verdict and judgment, the defendants filed a motion for a new trial which was overruled.

The first question presented to us is whether the trial court erred in overruling the defendants' motion for a mistrial, made after the appellee's attorney remarked in his opening statement to the jury:

be accorded the trial court in such a situation. Phillips v. Ashworth, 220 Ala. 237, 241, 124 So. 519; Pacific Mutual Life Ins. Co. of California v. Green, 232 Ala. 50, 166 So. 696; Central of Georgia Ry. Co. v. Phillips, 286 Ala. 365, 240 So.2d 118. Unless the trial court has abused its discretion, we will not reverse the case on the stated ground when presented to us. Gilmer v. Salter, 285 Ala. 671, 235 So.2d 813. In order to cure any harm caused by the statement, the court promptly and affirmatively sustained the appellants' objection to the remark, instructed the jury to disregard the statement, and directed counsel not to refer to it. In this action the court acted correctly. After considering all that occurred, it does not clearly appear to us that the trial court abused its discretion in refusing to grant the appellants' motion for a mistrial, Boudrow v. H & R Construction Co., 284 Ala. 60, 64, 222 So.2d 154, or in refusing to grant them a new trial. While the same objection, in substance, was available on the motion for a new trial, the trial judge, who witnessed the proceedings, was of the opinion that there was no sufficient reason for granting the motion on that ground, and we are unwilling to say that the court committed reversible error in so ruling. See Thames v. Louisville & N. R. R. Co., 208 Ala. 255, 94 So. 487.

■ Later on in the trial, during the course of the appellee's cross-examination of the appellant, Kilcrease, the witness was asked if he had not had several previous accidents. The appellants' objection was sustained and the question was withdrawn. The appellants moved that the jury be instructed to disregard the question. The appellants also moved for a mistrial. The court instructed the jury to disregard the question, but denied the motion for a mistrial. The question called for immaterial and irrelevant testimony under the complaint as framed. Dean v. Johnston, 281 Ala. 602, 206 So.2d 610; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834. The appellants contend that the question

concerning previous accidents was highly prejudicial to the appellants and such could not be eradicated from the minds of the jury, because the court was not forceful in its attempt to cure the misconduct and only instructed the jury to disregard the question. The court did all that was asked of it. We cannot agree that the action taken by the court did not serve to counteract any harmful effect created in asking the question. The court clearly instructed the jury to disregard the question. We think that the eradication was effectively carried out by the court. The witness never answered the question, the question was withdrawn, and its substance did not, in our opinion, come within the class of matter, declared ineradicable by withdrawal or instruction by the court.

■ The appellants further contend that the subject matter of the question: "You have had several previous accidents, haven't you?", when coupled with the appellee's previous improper and prejudicial remark to the jury was sufficient collectively to create such bias, prejudice and passion against the appellants as to result in the verdict for the appellee. The remark in the appellee's opening statement to the jury, that the father had mortgaged his property and the question relating to previous accidents, were completely disassociated from each other, both as to the time of their utterance and essence of their subject matter, so that they would not compound, in our opinion, to form a cumulative harmful effect. Therefore, we are not persuaded that the acts, complained of, either separately or collectively required that the court grant a mistrial, or the motion for new trial on the ground that a mistrial ought to have been granted.

■ The next question that the defendants argue is that the lower court erred in refusing the defendants' request for the affirmative charge and the affirmative charge with hypothesis under the negligence count. Appellants contend that the plaintiff, Harris, " * * * was guilty of such contributory negligence as reflect-

ed by the testimony, as to preclude his recovery. * * *" We disagree. In Reaves v. Maybank, 193 Ala. 614, 69 So. 137, it was said that it is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court. Unless the evidence is free from doubt or adverse inference, the question is for the jury. Alabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594. Where the affirmative charge is requested, the entire evidence must be viewed in a light favorable to the opponent. When a reasonable inference may be drawn, which is adverse to the party requesting the charge, the charge is properly refused. Central of Ga. R. R. Co. v. Rush, 286 Ala. 333, 239 So.2d 763; Birmingham Southern R. R. Co. v. Ball, 271 Ala. 563, 126 So.2d 206. When the entire record is reviewed in a light most favorable to the appellee, the evidence bearing on the issue of the appellee's contributory negligence is in material conflict. There was evidence from which the jury could find that the appellee was free from negligence which proximately contributed to his injury.

The evidence most favorable to the plaintiff on this subject was that on the rainy afternoon of March 17, 1970, the appellee, traveling west, stopped at the stop sign on McPhail Farm Road before entering its intersection with U. S. Highway 331, a through highway, that he looked and saw no vehicles approaching to his left, that after he entered the intersection and had proceeded northward 75 to 100 feet on the through highway, his truck, which was in second gear was struck unexpectedly from behind on the left rear side by the defendant Oil Well Company's heavily loaded tractor trailer truck which was overtaking him at 35 miles per hour in a more restricted speed zone, having approached from the south over the crest of a hill or incline in the highway about 150 feet from the intersection. The evidence was also to the effect that the driver of the oil truck which was traveling in the city limits of Florala, was familiar with the intersection he was coming to and with traffic in the area, that there was a standard road sign indicating the intersection ahead, that it was raining and the highway was slick, and that he looked in his rear view mirror just before the accident. He testified further that when he saw the pickup truck he didn't do anything. He did not attempt to brake his truck or turn it from its line of travel, although the three lanes for travel to his left in the four lane highway were apparently clear of vehicles. The foregoing is a resume of the evidence most favorable to the plaintiff on the issue of the giving or refusing of the defendants' requested affirmative charges. The defendants' evidence was in conflict with this. Conflicts though are what make the question of the appellee's contributory negligence and proximate cause one for the determination of the jury. There was no error in the court's refusal to give the appellants' requested affirmative charges, therefore, there was no error in overruling the motion for a new trial for refusing the same.

Count two of the complaint, a wanton count, was submitted to the jury. Appellants contend there was insufficient evidence of wantonness to submit the question to the jury.

■ "Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666; Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97; Tucker v. Cox, 282 Ala. 489, 213 So.2d 222; Culpepper & Stone Plumbing & Heating Co. v. Turner, 276 Ala. 359, 365, 162 So.2d 455. Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on the disaster. Lewis v. Zell, 279 Ala. 33, 181 So.2d 101; Graves v. Wildsmith, 278 Ala. 228, 177 So.2d 448.

Wantonness may arise after discovery of actual peril, by conscious failure to use preventive means at hand. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13. Knowledge need not be shown by direct proof, but may be shown by adducing facts from which knowledge is a legitimate inference. Britton v. Doehring, supra; Lewis v. Zell, supra.

■■■ In civil cases, a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of the theory of the complaint. Myers v. Evans, 287 Ala. 710, 255 So.2d 581; Payne v. Jones, 284 Ala. 196, 224 So. 2d 230; Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447; Lankford v. Mong, 283 Ala. 24, 214 So.2d 301. In the instant case, the jury could conclude from the evidence that the defendant driver: (1) knew that he was approaching a marked, much traveled intersection in a heavily laden gasoline truck, (2) knew that the rain and driving conditions limited his visibility and made the operation of the truck more hazardous, (3) that his rate of speed even under those unfavorable conditions was in excess of the prima facie lawful speed limit, and (4) that he looked into his rear view mirror and omitted to keep a lookout ahead at the critical time when the plaintiff's truck came into his path. When he again looked ahead, he was unable to avoid the collision, or he made no attempt to do so and collided with the plaintiff's truck. In the case of Culpepper & Stone Plumbing & Heating Co. v. Turner, 276 Ala. 359, 365, 162 So.2d 455, 460, the court said:

"Whether the action of the defendants' driver resulted from mere inadvertence or inattention, which would be nothing more than negligence; or whether the driver's action resulted from a conscious indifference to the likely or probable consequences, which would be wantonness, was a question for the jury. * * *"

■■■ We therefore conclude that the appellants' request for the affirmative charge as to the wanton count was properly refused, therefore appellants' motion for a new trial on those grounds was overruled without error.

■■■ The appellants urge in their motion for a new trial, and also here, that the jury's verdict is against the great preponderance of the evidence. A jury's verdict, which is presumed to be correct, will not be set aside unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is against the verdict, and is so decidedly so as to clearly convince the court that it is wrong and unjust. Tallapoosa River Elec. Co-op, Inc. v. Burns, 271 Ala. 435, 124 So. 2d 672. The lower court's refusal to grant a new trial strengthens the presumption in favor of the verdict's correctness. Fairview Villa, Inc. v. City of Montgomery, 271 Ala. 360, 124 So.2d 67; Johnston Publishing Co. v. Davis, 271 Ala. 474, 124 So. 2d 441. No ground is more carefully scrutinized or rigidly limited than one charging that the verdict is against the weight of the evidence. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; Cobb v. Malone, 92 Ala. 630, 9 So. 738. We are unwilling to say that the preponderance of the evidence against the verdict's correctness is so decided as to clearly convince us that it is wrong and unjust.

The record shows that the following question was asked the witness, Carl Norman:

"Q And in your judgment is that where the point of impact was?"

■■■ The appellant objected and the court overruled the objection, but the question went unanswered. The appellee's attorney then repeated the question in a somewhat different form:

"Q In your judgment is that where the impact was?

"A Yes, sir."

There was no objection to the last question or any motion to exclude the answer. In Madison Highlands Development Co. v. Hall, 283 Ala. 333, 337, 216 So.2d 724, 728, the court said:

"* * * 'We have held that when an objection to a question has been ruled on by the court, but is repeated in a slightly different form, objection must be made again to the question or the answer.' State v. Hodge [280 Ala. 422, 194 So.2d 827] supra; Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522."

The appellants' assignment of error 22 is not well taken.

 Kennie M. Lassiter, a highway patrolman of some fourteen years service, was called as a witness. He testified that he had attended investigative schools and had investigated numerous accidents. He was offered as an expert witness. We express no opinion on his qualifications as an expert. The witness did not see the accident. He went to the scene after its occurrence. After testifying that he observed the vehicles that had been involved in the accident, he was asked to look at a picture of the plaintiff's truck showing the damage to the left front and the left side, as well as pictures of the intersection involved. It does not appear that he was shown a picture of the Oil Well truck although he testified that it was damaged on the right front. Then the witness was asked: " * * * Now I'll ask you do you have an opinion as to what portion of the Oil Well truck hit what portion of the plaintiff's truck?" He also was asked: "Do you have a judgment as to what part of the Oil Well truck initially hit what part of the pick-up truck?" The court sustained the appellee's objections to these questions. The appellants contend that the officer was an expert and should have been permitted to answer these questions. We think the court correctly sustained the appellee's objections to these questions.

 The rule governing the admissibility of expert opinion evidence is that such evidence should not be admitted unless it is clear that the jurors themselves are not capable, from want of experience or knowledge of the subject, to draw correct conclusions from the facts proved. It is not admissible on matters of common knowledge. Alabama Great Southern R. R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738; Louis Pizitz Dry Goods Co. v. Harris, 270 Ala. 390, 118 So.2d 727. Given the same evidence in this case, the jurors would have an opportunity to examine the photographs and assess the other evidence that was before the state patrolman, and then could draw their own inferences therefrom as to what portion of the gas truck hit what portion of the pickup. In Pollard v. Rogers, 234 Ala. 92, 173 So. 881, it is stated in the opinion:

"The witness Mitchell was asked: 'If that box car had been moving and had run into that automobile while the box car was moving towards Birmingham and that sill step had been bent, in what direction would it have been bent.' Plaintiff objected to this question, and the court, sustaining the objection, stated: 'That is a matter of inference for the jury to draw.' To this ruling of the court the defendant reserved an exception. An expert opinion was not required; the answer merely called for matter of ordinary observation by the witness, leaving to the jury to infer or draw from the facts detailed under the issues of the case. There was no error in this ruling."

For the reasons stated above, the court did not err in sustaining objections to similar questions propounded by the appellants to the other police officer.

 The appellants assign as error the refusal of their requested charge No. 29 which is as follows:

"The Court charges the Jury, that if you are reasonably satisfied from the

evidence that any witness has willfully testified falsely as to any material part of the evidence, then you may disregard the entire testimony of such witness."

The same rule of law contained in the above charge was substantially and fairly given to the jury in the court's general oral charge. Consequently, the refusal of the requested charge is not cause for reversal on this appeal. Tit. 7, § 273, Code of Alabama, 1940; Gilliland v. Hawkins, 216 Ala. 97, 112 So. 454; County Bd. of Education of Jefferson County v. McCarter, 281 Ala. 679, 207 So.2d 664; Hovis v. Yarbrough, 281 Ala. 229, 201 So.2d 101; Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.

 The appellants maintain that the trial court erred in not allowing Mr. Reeves, a defense witness, who did not see the collision, but who testified about the plaintiff's state of sobriety earlier that day, to testify that shortly afterwards he had attempted to inform the plaintiff's father, and the mayor of Paxton, Florida, that plaintiff was intoxicated. What this witness undertook to tell another in an out of court statement and outside of the plaintiff's presence is hearsay and inadmissible. A witness is not allowed to testify as to an unsworn statement made by him on a former occasion. 31A C.J.S. Evidence § 193 g, p. 545; Southern Home Ins. Co. of Carolinas v. Boatwright, 234 Ala. 668, 672, 176 So. 460; Konidaris v. Burgess, 223 Ala. 512, 137 So. 303. No error was committed in sustaining the plaintiff's objection to the sought after testimony of Mr. Reeves in this case.

The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, COLEMAN and BLOODWORTH, JJ., concur.