MADDOX, Justice.
This is an appeal from a denial of plaintiffs’ motion for a new trial following a jury verdict and judgment for the defendant in an action for personal injury, loss of income, loss of consortium and medical expenses allegedly sustained in an automobile accident in Mobile. We affirm.
Plaintiffs, Delores Taylor and her husband, Hubert Taylor, filed suit against defendant Clayton E. Austin, claiming they suffered damages as a proximate result of defendant’s negligence or wanton conduct in the operation of his motor vehicle. Plaintiffs made no claim for damage to the vehicle which Mrs. Taylor was driving at the time of the accident. Defendant claimed that plaintiff Delores Taylor was guilty of contributory negligence in that she slowed down too quickly and had no taillights or brake lights.
The testimony presented at the trial would have permitted the jury to find that the accident occurred when Mrs. Taylor entered Duval Street in Mobile from a parking lot around 11:00 p. m. and was proceed *454 ing in the right lane, when defendant Austin, who was driving in the right lane also on Duval Street behind Mrs. Taylor, ran into her car, causing her to hit a telephone pole. Defendant Austin testified that Mrs. Taylor did not have any taillights or brake lights on her car and that she had slowed down so quickly that there was no time for him to avoid hitting her.
A police officer who investigated the accident testified at trial that he administered a test to Austin which indicated that Austin had alcohol on his breath, but that the test in no way was determinative of Austin’s sobriety or his blood alcohol level. The officer testified as follows:
“Q Now, you gave him a — you gave him some kind of test, whatever it is. I know you said, but I don’t know what you said it is.
“A It’s hard for me to remember but it seems like that night I got Mr. Austin to blow through what we used to carry. It’s a little alka censor [sic]. It’s not worth anything, and it’s not a test. It just — it lets me know that he’d had some alcohol, be it one beer, or be it a swallow, it’ll tell you. And that’s all we know, that he had alcohol on his breath. And in a case like that we take ’em downtown.”
Austin pleaded guilty to a charge of DWI and paid the fine of $500. He testified at trial, however, that he was not intoxicated at the time of the wreck.
Plaintiffs’ claim that under the facts of this case there was a clear showing of liability, and that this Court should grant them a new trial under the rule of law announced in Gribble v. Cox, 349 So.2d 1141 (Ala.1977), which involved a rear end collision. In Gribble, this Court did hold that the defendant was liable, as a matter of law, for the “undisputed amount of damage to [plaintiff’s] auto.” Here, there was no claim made for property damage, and even assuming that we should find that there was negligence on the part of defendant as a matter of law, nevertheless, the jury could have found, under the evidence, that plaintiff was guilty of contributory negligence.
The defendant also claims that Mrs. Taylor failed to prove that she had suffered personal injury as a result of the automobile accident. The defendant points out that there was testimony by the investigating officer that he did not notice any injury to Mrs. Taylor, but defendant’s major claim is that the jury had a right to disregard all of Mrs. Taylor’s testimony concerning her injury, because she “lied under oath about her claimed injuries.” In brief, defendant states:
“On cross examination Mrs. Taylor was questioned extensively about testimony she had given under oath in a deposition for a personal injury case pending in New Orleans against a cab company. Time and again Mrs. Taylor denied her deposition answers, which minimized her alleged problems attributable to the Mobile accident in favor of the New Orleans accident, while her testimony at trial in Mobile minimized the problems from the New Orleans accident, placing the blame for her claimed continuing difficulties instead on the Mobile accident. Additionally, specific problems Mrs. Taylor claimed at trial on direct examination to have suffered from the Mobile accident were attributed in the New Orleans deposition to the New Orleans cab accident and not the Mobile accident. Cf. Mrs. Taylor’s description on direct examination of the pain and symptoms she allegedly suffered in May, 1979, which made her think she was having a stroke (TR 86, 87-8) with those which she testified in New Orleans she suffered after the August, 1979, accident and which also made her think she was having a stroke. TR 116. In the New Orleans deposition, on the other hand, she testified she had never had any problems like this after the Mobile accident. TR 116. Similarly, on direct examination in this trial Mrs. Taylor claimed substantial loss of income from the Mobile accident (TR 91-4), but in her New Orleans deposition she denied having lost any income from the Mobile accident. (TR 119). Mrs. Taylor was also impeached through a deposition given in *455 the Mobile case in which she claimed she recovered from the New Orleans accident after eight to ten days (TR 121), while in the New Orleans deposition given in December, 1980, (16 months after the cab accident) she claimed to be suffering still from the New Orleans cab injuries as recently as five days before. TR 116.”
Under the facts of this case, we believe the oft-stated rule of review is due to be applied. That rule was set out in Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972), as follows:
“The appellants urge in their motion for a new trial, and also here, that the jury’s verdict is against the great preponderance of the evidence. A jury’s verdict, which is presumed to be correct, will not be set aside unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is against the verdict, and is so decidedly so as to clearly convince the court that it is wrong and unjust. Tallapoosa River Elec. Co-op, Inc. v. Burns, 271 Ala. 435, 124 So.2d 672. The lower court’s refusal to grant a new trial strengthens the presumption in favor of the verdict’s correctness. Fairview Villa, Inc. v. City of Montgomery, 271 Ala. 360, 124 So.2d 67; Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441. No ground is more carefully scrutinized or rigidly limited than one charging that the verdict is against the weight of the evidence. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; Cobb v. Malone, 92 Ala. 630, 9 So. 738. We are unwilling to say that the preponderance of the evidence against the verdict’s correctness is so decided as to clearly convince us that it is wrong and unjust.”
288 Ala. at 252, 259 So.2d at 802.
The preponderance of the evidence in this case is not so decidedly against the verdict that it clearly convinces this Court that the verdict was wrong and unjust. In this case, there was ample evidence presented that supports the jury’s verdict and the verdict was strengthened when the trial judge refused to grant a new trial. After reviewing the pertinent facts and testimony in the record, we find no reversible error. The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.