**Anthony L. JACKSON and Ollie Jackson, Plaintiffs-Appellees,**

v.

**MAGNOLIA BROKERAGE COMPANY, et al., Defendants,**

**Magnolia Brokerage Company, et al., Defendants-Appellants.**

No. 83–7365.

United States Court of Appeals, Eleventh Circuit.

Sept. 27, 1984.

Stephen A. Rowe, Henry E. Simpson, Birmingham, Ala., for defendants-appellants.

Francis Hare, Jr., R. Gordon Pate, James O. Haley, Alex W. Newton, Birmingham, Ala., for plaintiffs-appellees.

Before GODBOLD, Chief Judge, RONEY, Circuit Judge, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

For injuries incurred when his automobile collided with a trailer truck, Anthony L. Jackson received a jury verdict for $350,000, his wife $50,000 for loss of services and consortium. The defendants argue on appeal that the district court applied the wrong standards in denying their motions for a new trial on the grounds that the verdict was against the weight of the evidence and excessive, and that their motions for a directed verdict and judgment notwithstanding the verdict should have been granted as to liability. Holding the district court properly applied the correct standards, we affirm.

In deciding whether the verdict was excessive, the district court reluctantly applied the "shocks the conscience of the court" standard, determining as follows:

> Philosophically this court feels that, as in criminal sentencings, there should be some standards of damages in personal injury cases which should not totally subject either plaintiffs or defendants to the inexpert assessments of jurors. Apparently, the only standard is whether the verdict shocks the conscience of the court. It is not clear whose conscience provides the measure; that of the trial judge or the appellate court.
>
> If this court were awarding damages, after a finding of liability, it would consider $250,000.00 to Anthony L. Jackson and $30,000.00 to Ollie Jackson as fair. There is a difference of $120,000.00. However, the court cannot say that the difference is indicative of bias, passion, prejudice, or corruptness or, in this day and time, that it is totally shocking. It was slightly shocking but not to the extent to evidence bias, passion, prejudice, or corruption. The court thus does not conclude that the verdict is excessive. However, the court's decision is based on the perception which the court has of the deference of appellate courts, by whose decision this court is bound, to jury damage awards. The court's ruling should not be viewed on appeal as adding strength to verdict. If the matter were discretionary with the court, it would determine that $280,000.00 is a fair award and reduce the total judgments to $280,000.00. If the court's approach to making its decision is incorrect, it is in error.

The defendant argues that the court should have used the so-called "maximum recovery rule" rather than the "shocks the conscience" rule. It is quite apparent, however, that the maximum recovery rule is normally applied to determine the amount of remittitur that may be ordered in lieu of a new trial once the court has decided that the verdict is excessive. *Warren v. Ford Motor Credit Co.*, 693 F.2d 1373 (11th Cir.1982); *see Gorsalitz v. Olin Mathieson Chemical Corp.*, 429 F.2d 1033 (5th Cir.1970), *modified*, 456 F.2d 180

(5th Cir.1972), *cert. denied,* 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972); *Keyes v. Lauga,* 635 F.2d 330 (5th Cir.1981); *Bonura v. Sea Land Service, Inc.,* 505 F.2d 665 (5th Cir.1974). To the extent that the maximum recovery rule could be applied to determine excessiveness, it would do nothing more than set the figure that the jury could reach without shocking the conscience of the court under the traditional standard. *Allen v. Seacoast Products, Inc.,* 623 F.2d 355, 364 (5th Cir.1980).

In any event, it is clear that the very function of the maximum recovery rule is to avoid a determination by a court as to what it might consider to be a "fair" award, such as the district court's indication here that $280,000 might be more appropriate than $400,000. Applying on review the correct standard of whether the jury verdict "shocks the conscience of the court," we conclude that notwithstanding the district court's doubts as to the size of the award the amount of the verdict in this case cannot be disturbed on appeal.

We also conclude that the district court's rulings on liability should stand on appeal. The accident occurred between 10:00 and 11:00 p.m. when plaintiff's car, while traveling at a speed of approximately 50–55 miles per hour, hit the rear end of a trailer truck when the truck pulled onto the highway from the paved shoulder or emergency lane of the interstate. The road conditions were excellent and visibility good for night-time driving. The driver of the trailer truck saw the plaintiff approaching and saw the two left lanes occupied by two trailer trucks. The trailer truck pulled out onto the highway and the plaintiff collided with the truck. As a result of the collision, Jackson lost his right eye and has been fitted with a prosthetic right eye. He sustained a broken nose, multiple fractures to bones in the mid-face and injury to his left shoulder. He had medical expenses of $12,196.61. Jackson was also unable to work from May 16, 1982 until August 28, 1982, although he lost no wages and is doing the same work as a residential loan underwriter.

To grant a motion for new trial the district judge must find the verdict contrary to the great weight of the evidence. The judge can reweigh the evidence. The trial court will be reversed only for abuse of discretion. *Rabun v. Kimberly-Clark Corp.,* 678 F.2d 1053, 1060 (11th Cir.1982). On motion for judgment notwithstanding the verdict, the court considers the evidence in the light most favorable to the nonmoving party and will grant the motion where the evidence so strongly and favorably points in favor of one party that reasonable men could not arrive at a contrary verdict. The judge cannot reweigh the evidence. *Warren v. Ford Motor Credit Corp.,* 693 F.2d 1373, 1374 (11th Cir.1982) (citing *Boeing v. Shipman,* 411 F.2d 365 (5th Cir.1969) (en banc)).

A review of the record demonstrates that the district court applied these proper standards in connection with the defendants' motions and is not subject to reversal on appeal.

Defendants claim that plaintiff was contributorily negligent and based this on the following evidence: the highway was straight and level, the weather clear and dry, visibility perfect, eye witnesses say the truck was visible for at least one mile, witnesses say the truck entered the highway when plaintiff's car was at least a mile away, truck lights and signal were on as the truck entered the highway, and other vehicles on the highway pulled to the left lane. No obstructions blocked the view of the truck. Plaintiff did not change lanes or slow down. Plaintiff stated that he first saw the truck when he was within 200 feet of the truck. Plaintiff did not apply brakes until point of impact and was traveling at 50–55 miles per hour at impact. He admitted he misjudged the speed of the truck.

Contrary evidence showed that: defendant was parked in an emergency lane to make a routine check of his load, the Code of Alabama clearly instructs a driver to not proceed onto the highway from the

**1308**

emergency lane until such movement can be made with reasonable safety, the truck driver saw the plaintiff approaching, he saw two semi-trailers in the process of passing the plaintiff, and he pulled out into the same lane in which plaintiff was traveling. This evidence when viewed in the light most favorable to the plaintiff is substantial to support the issue of contributory negligence as a jury question. The evidence was sufficient to submit the question to the jury. The evidence was such that a jury could find the plaintiff was free from negligence which proximately contributed to his injury. *Kilcrease v. Harris*, 288 Ala. 245, 259 So.2d 797, 801 (1972).

Defendants argue that the issue of wantonness should not have gone to the jury because the evidence shows that defendant looked into his side mirrors for oncoming traffic prior to entering the highway but he did not look over his shoulder. Defendant saw headlights that he estimated to be a quarter of a mile away. He could not judge the distance of the oncoming traffic with complete accuracy but he assumed he had time to enter the interstate safely, and he assumed the more rapidly moving vehicles would move to the left lane.

Plaintiff maintains that defendant knew there was danger in moving back onto the highway, that he would be moving at a slow speed, that an automobile was approaching in that lane, that two trucks were approaching in the left lane and that plaintiff would have to change lanes.

The Alabama Supreme Court has defined wantonness as "the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from doing of such act or omission of such duty injury will likely or probably result." *Kilcrease v. Harris*, 288 Ala. 245, 259 So.2d 797, 801 (1972). The evidence when viewed in the light most favorable to the plaintiff was substantial to support the wantonness instruction.

AFFIRMED.