This appeal is from a jury verdict in favor of the plaintiff, Herschel H. Poore, *Page 487 
Jr., in the sum of $65,000 against the defendant, Bennie L. Bishop, for personal injury and property damage. The litigation arose out of a collision between defendant's automobile and plaintiff's motorcycle on Alabama Highway 21 in the City of Oxford. Two issues are presented for decision in this appeal.
 I
In his complaint, plaintiff alleged that defendant "negligently or wantonly caused" defendant's automobile to collide with plaintiff's motorcycle. The first issue for review is whether the trial court erred in refusing to strike the allegation of wantonness. Defendant contends there was insufficient evidence of wantonness for that issue to go to the jury.
Wantonness is the doing of some act or omission to do some act with reckless indifference to the knowledge that such act or omission will likely or probably result in injury. Gunnellsv. Dethrage, 366 So.2d 1104 (Ala. 1979). Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger. Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976). Knowledge need not be shown by direct proof. It may be made to appear, like any other fact, by showing circumstances from which the fact of actual knowledge is a legitimate inference. Lankford v. Mong, 283 Ala. 24, 214 So.2d 301 (1968).
In considering the question of the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. Jackson v. Cook,275 Ala. 151, 153 So.2d 229 (1963). A wantonness count should go to the jury if there is any evidence to support a finding of wantonness. See Kilcrease v. Harris, 288 Ala. 245,259 So.2d 797 (1972).
The evidence most favorable to the plaintiff is the following: On the evening of 11 November 1982, defendant and his family were returning to their home in Lineville from a visit to Quintard Shopping Mall in Oxford. After stopping at a service entrance stop sign connecting the mall with Highway 21, defendant proceeded across the northbound double-lane of the highway to get to the southbound lane of traffic. At the same time, plaintiff was travelling north in the right lane on his motorcycle. The two vehicles collided, causing damage to plaintiff's person and his motorcycle.
The evidence adduced at trial showed the accident occurred at a dangerous intersection, with no traffic controls to guide a driver's judgment. The evidence also showed that, although the accident occurred after nightfall, the highway was well-lit by mercury vapor lights and there were no obstructions to visibility. In addition, plaintiff's motorcycle projected a normal beam from its headlight, which should have been visible to the defendant.
Under these circumstances, the evidence that defendant never looked in the direction of the plaintiff arguably provided some evidence of wanton conduct on the part of the defendant. His failure to look could be regarded as reckless indifference to the knowledge that such omission would likely result in injury to another. Some evidence of wantonness was all that was necessary for the issue to go to the jury. Therefore, no error was committed by the trial court in overruling the motion to strike.
 II
The second issue for review is whether the trial court erred in permitting plaintiff to testify as to loss of earning capacity where plaintiff was not actually working nor receiving wages at the time of the accident.
Plaintiff claimed that as a proximate result of the defendant's negligence or wantonness he was disabled from his employment and would be unable to perform in his chosen line of work in the future. He requested compensation for loss of earning capacity as one element of his claim of *Page 488 
damages. Defendant asserted this loss could only be speculative in nature because plaintiff was not actually working at the time of his injury. He argued that presentation to the jury of evidence regarding loss of earning capacity would be improper. His objection at trial to the admissibility of this evidence was overruled.
A complaint alleging permanent injury is sufficient to imply impairment of earning capacity. Birmingham Electric Co. v.Cleveland, 216 Ala. 455, 113 So. 403 (1927). Evidence of average earnings is admissible as affording a basis for the estimate of damages in such cases. Allison v. Acton-EtheridgeCoal Co., 289 Ala. 443, 268 So.2d 725 (1972).
Plaintiff alleged permanent injury in his complaint, and produced evidence to support such injury. He also presented specific data detailing his usual past earnings. In light of this evidence, we cannot say the jury was without guide in awarding damages in this case. Therefore, we find no error by the trial court with regard to its ruling as to the admissibility of the evidence.
For the stated reasons, the judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., dissents.