481 So.2d 887 (1985)
James G. McMURRAY, et al.
v.
Lavoid D. JOHNSON and Pauline Johnson.
84-676.
Supreme Court of Alabama.
December 20, 1985.
*888 Harold F. Herring and H. Harold Stephens of Lanier, Shaver & Herring, Huntsville, for appellants James G. McMurray and James G. McMurray, P.C.
John S. Key of Eyster, Key, Tubb, Weaver & Roth, Decatur, for appellants Thomas H. Griffith and Thomas H. Griffith, P.C.
Robert H. Ford and Daniel F. Aldridge for Brinkley & Ford, and Joseph M. Cloud for Cloud & Cloud, Huntsville, for appellees.
PER CURIAM.
The following language from Appellants' brief, with minor modifications, is an accurate and succinct "Statement of the Case":
"This is the second time this action has been before the Court. A complaint was filed originally on June 16, 1980, by Lavoid Johnson [later joined by his wife] against the Appellants, James G. McMurray, P.C. and Dr. James G. McMurray, Dr. Parker Griffith and Huntsville Hospital. Subsequently, Johnson reached a protanto settlement with Huntsville Hospital and the trial court entered summary judgment in favor of Dr. Parker Griffith.
"On September 15, 1981, Lavoid Johnson filed an amended complaint adding Thomas H. Griffith, P.C. and Dr. Thomas H. Griffith as [parties] defendant.
"Although the Johnsons' complaint was amended on several occasions, the complaint ultimately contained claims for alleged negligence, wantonness, assault and battery, conspiracy to commit assault and battery, fraud and conspiracy to commit fraud.
"[At trial,] following presentation of the Johnsons' evidence, Dr. McMurray and Dr. Griffith filed motions for directed verdicts which were granted as to the Johnsons' claims of fraud and conspiracy to commit fraud. All of the remaining claims of negligence, wantonness, assault and battery and conspiracy to commit assault and battery were submitted to the jury, which returned a verdict in favor of Dr. McMurray and Dr. Griffith; judgment was entered accordingly on August 13, 1982.
"[Subsequently], the Johnsons filed notice of appeal. Following the submission of briefs and the presentation of oral argument, this Court issued its initial opinion on September 7, 1984, which was modified on November 9, 1984, in conjunction with the Court's denial of application for rehearing. Johnson v. McMurray, 461 So.2d 775 (Ala.1984). Although the only claim upon which this Court found reversible error was the Johnsons' claim of fraud and conspiracy to commit fraud, the trial court entered an order on March 26, 1985, stating that all claims, including those of negligence, wantonness, assault and battery and conspirary to commit assault and battery which had been previously submitted to a jury and resolved adversely to the Johnsons without any finding of error by this Court, would nevertheless be relitigated upon retrial."
Pursuant to Alabama Rules of Appellate Procedure 5(a), this Court granted the petition of Drs. McMurray and Griffith for an interlocutory appeal to review the issue whether the trial court erred in ordering a retrial of the claims of negligence, wantonness, assault and battery, and conspiracy to commit assault and battery where this Court's reversal of the judgment in favor of the Defendants was based solely on the trial court's failure to submit the fraud counts to the jury.
The parties are in general agreement that the confusion arises from the following language from our opinion in the first appeal:
"OTHER ISSUES
"Although we reverse the judgment on the issues of fraud and conspiracy to commit fraud, we address two other issues *889 raised by the Appellants that may recur upon retrial of the cause:
"1) Whether the trial court erred in refusing to allow the Plaintiffs' expert witness to refer to a pamphlet entitled `Current Opinion of the Judicial Council of the American Medical Association'; and
"2) Whether the trial court erred by charging the jury that Dr. McMurray could not be liable for assault and battery if the Plaintiffs gave their consent to Dr. Griffith for the performance of the sponge removal surgery."
461 So.2d at 779.
We acknowledge that our language is susceptible of the interpretation obviously accorded it by the trial judge and argued here by Appellees' counsel. We can see by hindsight that perhaps our directions upon remand of this cause for a new trial would have been clearer if the first sentence under that part of the opinion subtitled "Other Issues" had read:
"Although we reverse the judgment on the issue of the trial court's failure to submit to the jury the claims of fraud and conspiracy to commit fraud, we address two other issues raised by the appellants that may recur upon our remand of this cause for a new trial as to those claims."
We find the following language from the Appellants' brief on this present appeal to be a clear and accurate expression of what the Court intended in its earlier opinion in this cause:
"[N]othing contained in the Alabama Supreme Court's ruling granted the Johnsons a new trial as to any issue other than fraud. In its concluding paragraph, the majority emphasized that it had carefully reviewed each of the remaining issues raised by the Johnsons, considered `each of the adverse rulings by the trial judge which are apt to recur on retrial' and found `no further error'. 461 So.2d at 781. While the Court discussed two `OTHER ISSUES', 461 So.2d at 779, Dr. McMurray and Dr. Griffith respectfully submit that such a discussion in no way requires a full scale retrial of all of the Johnsons' claims.
"1. The Alabama Supreme Court's Discussion of the Learned Treatise Issue Does Not Mandate a Retrial of Any Claim Other Than Fraud.

"The Johnsons sought to introduce in the original trial under the Alabama learned treatise rule The American Medical Association's pronouncements on `ghost surgery'. The `ghost surgery' provision, § 8.12 of `Current Opinions of the Judicial Council of the American Medical Association', states, in pertinent part, as follows:
"`To have another physician operate on one's patient without the patient's knowledge and consent is a deceit.'
"Clearly, the Johnsons' original proffer of this evidence concerned the fraud issue, as fraud consists in anything calculated to deceive. The definition of `deceit' was the very essence of the Judicial Council's opinion. In discussing `The "Learned Treatise" Issue', the introductory statement of the Supreme Court plainly limits the retrial in this case by these words: `Although we reverse the judgment on the issues of fraud and conspiracy to commit fraud....' 461 So.2d at 779 (emphasis added [in Appellants' brief]).
". . . .
"That portion of this Court's prior opinion upon the `Learned Treatise' doctrine ultimately held simply that a recognized standard work is admissible only if properly authenticated:
`[T]here is no proof that the proffered document is in fact a learned treatise; thus its admissibility, as an exception to the hearsay rule, fails.' 461 So.2d at 780. In no way could this statement of a well-settled rule of law be foundational to a retrial of the claims of the Johnsons upon negligence, wantonness, assault and battery and conspiracy to commit assault and battery.
"2. The Alabama Supreme Court's Discussion of the Jury Charge Issue *890 Does Not Mandate a Retrial of Any Claim Other Than Fraud.

"The sole remaining issue discussed by this Court in its original opinion, a jury instruction regarding Lavoid Johnson's consent and the effect of that consent, will surely lie at the heart of any assertion of and defense of the fraud claim. The Alabama Supreme Court was obviously cognizant of this fact and, thus, its discussion of the jury charge issue. It is merely an acknowledgement that the same issue may arise as part and parcel of the Johnsons' fraud claim. The jury instruction was undoubtedly addressed to emphasize the Supreme Court's position on this charge and the evidence regarding consent and fraud. The only evidence discussed by the Alabama Supreme Court in this portion of its original opinion related solely to consent and there is no specific reference to any of the claims resolved by the jury. 461 So.2d at 780-81.
"Significantly, this Court noted that a `jury question was presented with respect to the propriety of Dr. Griffith's choice of Dr. McMurray as his "assistant" for the sponge removal surgery....' 461 So.2d at 780 (emphasis added [in Appellants' brief]). Counsel for Drs. McMurray and Griffith respectfully submit that use of the phrase `jury question' by this Court is a clear indication that the sole claim to be retried and the sole claim being considered by the Court in this portion of its opinion was the fraud claim.
"The Alabama Supreme Court's expressed concern with the charge in issue was that it failed to take into account the evidence presented as to the Johnsons' alleged objection to Dr. McMurray's participation in the sponge removal operation. Obviously, such evidence and such an instruction will clearly be at issue in a retrial of [the fraud claim]."
We hold, therefore, that the trial court erred in not limiting the retrial of this cause to the Johnsons' claims of fraud and conspiracy to commit fraud. Indeed, it is significant to note that we chose the two issues addressed under "Other Issues" precisely because of their potential to recur upon retrial of the fraud claims. Our selection of these issues was to the conscious exclusion of other issues raised by Appellants that were not apt to recur because the retrial would not include the tort claims that had been adjudicated in favor of Defendants after a full jury trial.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, SHORES, ADAMS and HOUSTON, JJ., concur.
MADDOX, ALMON and BEATTY, JJ., concur in the result.
ALMON, Judge (concurring in the result).
I concur in the result only, because of the views expressed in the dissent in Johnson v. McMurray, 461 So.2d 775 (Ala.1984).
MADDOX, J., concurs.