494 So.2d 4 (1986)
Nancy BURNS, as Administratrix of the Estate of Charles R. Burns
v.
Bettie Talley MOORE.
84-1219.
Supreme Court of Alabama.
April 11, 1986.
As Modified on Denial of Rehearing July 18, 1986.
*5 G. William Noble, of Barnett, Tingle, Noble & Sexton, Birmingham, and Betty C. Love, of Love, Love & Love, Talladega, for appellant.
Ralph D. Gaines, Jr., and Robert B. Barnett, Jr., of Gaines & Cleckler, Talladega, for appellee.
JONES, Justice.
This is a wrongful death case. Plaintiff brought her action on counts of negligence and wanton misconduct. At the close of Plaintiff's case in chief, the trial judge directed a verdict in favor of Defendant on the wantonness count, and allowed the negligence count to go to the jury. Defendant's answer affirmatively raised the defense of contributory negligence. Plaintiff appeals from the subsequent judgment on a verdict in favor of Defendant. Plaintiff's appeal challenges the trial judge's granting of Defendant's motion for directed verdict on the wantonness claim.
Our determination of this question is guided by three fundamental propositions. First, the proper standard of review of any directed verdict is an objective "sufficiency of the evidence" test:
"A directed verdict is proper only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ." Deaton, Inc. v. Burroughs, 456 So.2d 771, 775 (Ala.1984).
The second proposition: Evidence sufficient to defeat a directed verdict motion under that objective test is any evidence, "no matter how slight, ... which, if believed, would support a verdict in favor of the party against whom a directed verdict is sought." Deaton, supra, at 775, citing Herston v. Whitesell, 374 So.2d 267, 270 (Ala.1979).
The final proposition: Although proof of wanton misconduct requires a showing of Defendant's "conscious doing of some act," "wantonness" does not require any intent to injure another. The test for whether the conduct rises above simple negligence to the level of wantonness is a fact question to be submitted to the jury, unless there is a total lack of any evidence from which the jury could reasonably infer the higher degree of culpability.
"`Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty, injury will likely or probably result....' Kilcrease v. Harris, 288 Ala. 245, 251, 259 So.2d 797, 801 (1972); Culpepper & *6 Stone Plumbing & Heating Co. v. Turner, 276 Ala. 359, 162 So.2d 455 (1964). One may be guilty of wanton misconduct without actual intent to injure anyone. Birmingham Railway, Light & Power Co. v. Murphy, 2 Ala.App. 588, 56 So. 817 (1911). In this sense, `... A willful or intentional act is not involved in wantonness....' Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 461, 28 So.2d 193, 194 (1946). `... [W]antonness may arise where the defendant has knowledge that persons, though not seen, are likely to be in a position of danger and with conscious disregard of known conditions of danger....' Crocker v. Lee, 261 Ala. 439, 444, 74 So.2d 429, 434 (1954). The knowledge requirement of wantonness `need not be shown by direct proof, but may be shown by adducing facts from which knowledge is a legitimate inference.' Kilcrease v. Harris, supra (288 Ala. at 252, 259 So.2d at 802)." Dixie Electric Co. v. Maggio, 294 Ala. 411, 414, 318 So.2d 274, 276 (1975).
We summarize the facts most favorable to Plaintiff: The Defendant, Bettie Talley Moore, while driving her automobile along a narrow paved road, struck and killed Charles Burns. Mr. Burns was standing or walking near or in the road when he was struck. While working in his yard just before the accident, Mr. Burns had been removing trash from his property to a vacant lot across the road. The road on which he was killed connected to another road less than one-half block beyond his home. The intersection of the two roads forms what witnesses called a "dangerous intersection," at which no signs or signals were posted to direct the traffic.
Mrs. Moore was familiar with the road, and was aware that the residents of the neighborhood, including small children, often walked along this road. At the time of the accident, Mrs. Moore's attention was drawn toward the right of the road as she checked for traffic approaching the intersection. She saw Mr. Burns immediately before he was struck, applied her brakes, and skidded her car about 60 feet before hitting a mailbox post and then another 60 feet before coming to a stop 10 to 15 feet to the left side of the road. When Mrs. Moore's car struck Mr. Burns, she was driving between 35 and 40 miles per hour.
In Culpepper & Stone Plumbing & Heating Co. v. Turner, 276 Ala. 359, 162 So.2d 455 (1964), the facts were reasonably similar. There, the driver of a pickup truck ran into the rear of another pickup truck when he "looked around to his left and omitted to keep a lookout ahead at the critical time when plaintiff's truck came to a stop." 276 Ala. at 365, 162 So.2d at 460.
There, this Court held:
"Whether the action of defendant's driver resulted from mere inadvertence or inattention, which would be nothing more than negligence; or whether the driver's action resulted from a conscious indifference to the likely or probable consequences, which would be wantonness, was a question for the jury." 276 Ala. at 365, 162 So.2d at 460-61.
We cannot say that the facts of this case, as they appear most favorable for Plaintiff, do not present any proof as to a material issuethe wantonness vel non of Defendant. Therefore, the questions of whether Mrs. Moore's conduct constituted mere negligence, and whether it rose above simple negligence to the level of wanton misconduct, was a question for the jury. Because the trial judge allowed the jury to answer only the first questionwhether Defendant was guilty of negligencewe must reverse and remand for a new trial.
Defendant argues that because the jury returned a verdict for Defendant, it necessarily must have found that Defendant's actions were free from any negligence. We cannot accept this quantum leap in logic. The jury was presented with a claim for negligence and a defense of contributory negligence. If the jury found that Mrs. Moore was negligent, but then found that Mr. Burns was contributorily negligent, it would be constrained to find for Defendant, because contributory negligence acts as a complete bar to an action based on negligence. Contributory negligence, *7 however, would not act as a bar in an action based on wanton misconduct. Because it is not clear whether the jury found an absence of negligent conduct or the presence of contributory negligence, the cause must be remanded for a new trial. Because the appeal does not challenge the jury verdict and judgment entered thereon in favor of Defendant on the negligence claim, the new trial mandated on remand shall be limited to the claim for wanton misconduct. Smith v. Bradford, 475 So.2d 526 (Ala.1985); see, also, McMurray v. Johnson, 481 So.2d 887 (Ala.1985).
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and HOUSTON, J., dissent.

ON APPLICATION FOR REHEARING
JONES, Justice.
This Court's order of June 13, 1986, denying rehearing without opinion, is hereby set aside. We overrule the application, but in doing so we modify our original opinion to clarify our instructions to the trial court on remand.
OPINION MODIFIED; APPLICATION FOR REHEARING OVERRULED.
MADDOX, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and HOUSTON, J., dissent.
TORBERT, Chief Justice (dissenting).[1]
I find no evidence that warranted sending the wantonness claim to the jury. In my view, the evidence supposedly allowing an inference of wantonness in this case is no more persuasive than the evidence supposedly allowing the inference of wantonness in Bishop v. Poore, 475 So.2d 486 (Ala.1985). I must dissent here, just as I did in Bishop.
HOUSTON, J., concurs.
NOTES
[1] Reporter's Note: This dissenting opinion was issued with regard to the majority's opinion of April 11, 1986.