Phillip Brown lost a finger in a punch press at a Magic Chef, Inc., plant in Anniston, Alabama. Mr. Brown was unloading base rails for microwave ovens after they had been formed by the dies on the press. After one particular down and up cycle of the press ram, the ram failed to stop at the top of the stroke as it was supposed to and came down a second time and crushed Mr. Brown's finger. Mr. Brown brought both negligence and wantonness claims against the defendants, and his wife asserted a claim for loss of consortium. The defendants claimed that Phillip Brown was contributorily negligent. The trial court directed verdicts in favor of the defendants on the claim for wanton conduct. The jury returned a verdict in favor of the defendants on the negligence claim. It is not clear whether the jury found an absence of negligent conduct or the presence of contributory negligence. Contributory negligence acts as a complete bar to an action based on negligence; however, contributory negligence does not act as a bar in an action based on wanton misconduct. See Burns v. Moore, 494 So.2d 4
(Ala. 1986). The only issue on this appeal is whether the trial court erred in granting directed verdicts on the wantonness claim in favor of defendants Fred Gant, the plant manager; John Turner, the personnel manager; and Richard Fleming, the supervisor of the fabrication department.
In Caterpillar Tractor Co. v. Ford, 406 So.2d 854, at 856 (Ala. 1981), this Court stated the standard of review for a directed verdict:
 "A directed verdict is proper only where there is a complete absence of *Page 1120 
proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Deal v. Johnson, 362 So.2d 214 (Ala. 1978). In considering a motion for directed verdict, the court must apply Rule 50 (e), ARCP, under which `a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark . . . or a scintilla in support of the theory of the complaint. . . .' Dixie Electric Company v. Maggio, 294 Ala. 411, 318 So.2d 274 (Ala. 1975).
 "In addition, the trial court must view the entire evidence, and all reasonable inferences which a jury might have drawn therefrom, in the light most favorable to the non-moving party. Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236
(1975); Vintage Enterprises, Inc. v. Cash, 348 So.2d 476 (Ala. 1977). Also, this Court's function in reviewing a motion for a directed verdict is to review the tendencies of the evidence most favorably to the non-movant, regardless of a view we may have as to the weight of the evidence, and we must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable. Beloit Corp. v. Harrell, 339 So.2d 992
(Ala. 1976)."
Quoted with approval in Ritch v. Waldrop, 428 So.2d 1 (Ala. 1982), and Pate v. Sunset Funeral Home, 465 So.2d 347, 348
(Ala. 1984).
What constitutes wanton misconduct depends upon the facts presented in each particular case. Pate, 465 So.2d at 349;Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97 (1970). In order for the trial court to find a party guilty of wanton conduct, it must be shown that with reckless indifference to the consequences the party consciously and intentionally did some wrongful act or omitted some known duty, and that this act or omission produced the injury. Pate, 465 So.2d at 349; Robertsv. Brown, 384 So.2d 1047 (Ala. 1980).
Looking at the evidence in the light most favorable to the plaintiffs in this case, it is clear that there was a scintilla of evidence as to wanton misconduct on the part of these three defendants. Mr. Brown's co-worker Mike Robertson testified that he had complained repeatedly to all three defendants about how that press ram had often been "rolling over," or coming back down too far after it had completed its cycle. Another co-employee told Fleming of the tendency of that press to fall. Evidence shows that the press was worked on the day before the accident. There was evidence, however, that on the day of the accident, the press continued to "roll over" too far, and that Robertson complained to Fleming several times. There was also evidence that Phillip Brown complained to Fleming about the press but was told not to worry about it and that it was not going to hurt anything, and that even with these complaints about the press, the defendants ordered that production on that press be increased. There was also evidence that on the way to the hospital immediately following the accident, Phillip Brown stated to Turner, "I told y'all and told y'all to get that press fixed," and that Turner replied, "I know it."
This testimony presents at least a scintilla of evidence that these three defendants acted wantonly. The jury could have found that they had been informed of the danger that the press presented to its operators yet failed to take action to correct the problem. Whether these defendants were guilty of wantonness is a jury question under this evidence.
The trial court's judgment based on the directed verdicts as to Turner, Gant, and Fleming is reversed, and the case is remanded for a new trial on the plaintiffs' claim for wanton conduct. See Burns v. Moore, supra.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur. *Page 1121