EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involved an automobile collision between cars driven by the plaintiff and by the defendant Calhoun (defendant), who was employed by the City of Lanett as a police officer.
The defendant, who was responding in the City’s police car at night to a nonemer-gency law enforcement call, attempted to pass a truck while traveling up a hill. He crossed over double yellow lines in the center of the public highway. After continuing in that lane of traffic until he had traveled over the crest of the hill, the police car collided with the plaintiff’s oncoming vehicle in the plaintiff’s lane of traffic, thereby causing personal injuries to the plaintiff.
The plaintiff testified that, as he was traveling in a westerly direction, he approached the hill and that he observed the two easterly bound vehicles come over the *748 crest of the hill about fifty feet from him. The defendant testified that the plaintiff’s car was five or six car lengths away when he first saw it. Both of the vehicles involved in the accident attempted to stop, but were not able to do so before colliding with each other.
The defendant stated in his deposition that he saw the double yellow lines because he “couldn’t miss it,” but he was not aware of them because he was not thinking about them. He testified at the trial that, if he observed the double yellow lines, they just did not register with him. The defendant admitted that he violated the law when he crossed over the double yellow lines and that the violation caused the accident.
The defendant further testified that, at the time that he attempted to pass the truck, he thought that he was already on the crest of the hill in a safe place to pass and that it was not until after the accident that he learned that his attempt to pass was “a little bit” before he reached the crest.
The plaintiff’s complaint alleged both negligence and wantonness on the defendant’s behalf. The jury was charged only as to negligence. The trial court refused to orally charge the jury as to wantonness or to give the plaintiff’s requested Alabama Pattern Jury Instructions numbered 29.00 and 11.03 as to wantonness and punitive damages. The defendant duly excepted. The jury returned a verdict for the plaintiff for $1,000. After the trial court overruled the plaintiff’s motion for a new trial, the plaintiff timely appealed and argues that the trial court erred in refusing to instruct the jury concerning his claim of wantonness. We agree.
The applicable law was recently summarized by our supreme court as follows:
“Wantonness is the doing of some act or omission to do some act with reckless indifference to the knowledge that such act or omission will likely or probably result in injury. Gunnells v. Dethrage, 366 So.2d 1104 (Ala.1979). Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976). Knowledge need not be shown by direct proof. It may be made to appear, like any other fact, by showing circumstances from which the fact of actual knowledge is a legitimate inference. Lankford v. Mong, 283 Ala. 24, 214 So.2d 301 (1968).
“In considering the question of the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. Jackson v. Cook, 275 Ala. 151, 153 So.2d 229 (1963). A wantonness count should go to the jury if there is any evidence to support a finding of wantonness. See Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972).
[[Image here]]
“Under these circumstances, the evidence that defendant never looked in the direction of the plaintiff arguably provided some evidence of wanton conduct on the part of the defendant. His failure to look could be regarded as reckless indifference to the knowledge that such omission would likely result in injury to another. Some evidence of wantonness was all that was necessary for the issue to go to the jury.”
Bishop v. Poore, 475 So.2d 486, 487 (Ala.1985).
The vast majority of the facts which we have previously outlined were adopted from the defendant’s testimony. The circumstances of his attempt to pass the truck at that particular time, location, and manner are such that actual knowledge is a legitimate inference therefrom. That testimony provided at least a scintilla of evidence of wanton conduct on his behalf. His failure to observe or to be aware of the double yellow lines or that he was passing on the crest of the hill was of the same nature as the omission to look in Bishop, 475 So.2d 486, which was held to be reckless indifference to knowledge that such omission would likely result in injury to another. Since there was some evidence before the jury which would have autho *749 rized them to legitimately infer wantonness on the defendant’s behalf, that issue should have been submitted to the jury. Accordingly, we must reverse and remand.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.