MADDOX, Justice
(concurring in part; dissenting in part).
I concur in that portion of the opinion holding that a jury question was presented on the negligence issue, but I think the trial court did not err in entering a summary judgment on the wantonness claim. I dissent as to the holding on the wantonness issue.
STEAGALL, Justice
(concurring in part, dissenting in part).
I agree with Justice Houston’s statement of the law in his dissent regarding the impropriety of using an affidavit to contradict earlier deposition testimony. See Enoch v. Firestone Tire & Rubber Co., 534 So.2d 266 (Ala.1988), and Lady Corinne Trawlers, Inc. v. Zurich Insurance Co., 507 So.2d 915 (Ala.1987). However, even without the affidavit, I believe that, under the facts and circumstances of this case, particularly the evidence that Nelson had been drinking, that he did not sound his *908 horn, and that the accident occurred at dusk, there is sufficient evidence to allow this case to go to a jury on the negligence count.
I, therefore, concur with that part of the majority’s opinion that reverses the summary judgment on the issue of negligence, but I dissent from that part of the opinion that reverses on the issue of wantonness.
HOUSTON, Justice
(concurring specially in part and dissenting in part).
I walk before dawn most mornings, and my normal daily walks require me to cross streets and to walk in some streets. Therefore, I am acquainted with the dangers of even my “too, too solid flesh” coming in contact with motorized vehicles. I have determined that I can be completely objective in this case, for I also drive motorized vehicles. I believe that Nelson’s negligence vel non and Ms. Inge’s contributory negligence vel non must be determined by a jury, for I believe that it is a question of fact as to whether Nelson should have seen Ms. Inge before he did. There was evidence that a blood alcohol content of 0.073% would render one more careless, would cause a loss of judgment, and would cause a loss of peripheral vision. I would concur specially on this issue.
However, the evidence allowing an inference of wantonness in this case is no more persuasive than the evidence supposedly allowing the inference of wantonness in Burns v. Moore, 494 So.2d 4 (Ala.1986), which was tried under the “scintilla rule.” The tragic accident made the basis of this suit occurred on May 27, 1988. I am persuaded that the defendant, Nelson, came forward with evidence to negate the essential element of wanton conduct. I cannot determine whether the definition of “wantonness” as stated by the majority of this Court in Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142, 145-47 (Ala.1987), is still the law in any cases other than those cases in which a jury found for the defendant on a negligence count and the trial court directed a verdict for the defendant on the wantonness count.
“ ‘[Wjanton misconduct, in the strict sense, is not negligence, since it involves intent rather than inadvertence, and is positive rather than negative.... [WJantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act, and strictly speaking, is not within the meaning of the term “negligence, ” which conveys the idea of inadvertence, as distinguished from premeditation or formed intention.' ”
510 So.2d at 146. (Emphasis supplied.) I dissented on this issue in Lynn Strickland, 510 So.2d at 147-49:
“Since I view negligence as conduct, I would hold that the same action or inaction which constitutes negligence also constitutes wantonness if the tortfeasor is conscious of his inaction or action and is conscious that by such inaction or action injury will likely or probably result.”
510 So.2d at 149.
Nelson testified that he saw Ms. Inge a second before impact, two feet from the centerline of the lane in which he was driving. There were no streetlights on at the time of the accident. Nelson was driving at a speed below the speed limit. The accident occurred at 8:10 P.M., central daylight saving time, on May 27. Nelson had a 0.073% blood alcohol level. Alabama Code 1975, § 32-5A-194(b)(2), provides:
“If there were at the time in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in the person’s blood, such fact shall not give rise to any presumption that the person was or was not under the influence of alcohol, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcohol.”
No evidence, other than the results of a blood alcohol test, was presented to show that Nelson was under the influence of alcohol. Nelson was not charged with any moving or criminal violations, such as reckless driving, speeding, or driving under the influence of alcohol.
*909 If Nelson had been driving without his lights on under these circumstances, there would have been substantial evidence of wantonness, as I view wantonness (conscious action or inaction with a consciousness that by such action or inaction injury will likely or probably result); however, I doubt if even that would rise to the level of wantonness under the majority opinion in Lynn Strickland. Assuming that my definition of wantonness is correct, was there substantial evidence that' Nelson was driving without his lights on? I agree with the trial court that there was not. Nelson testified that he had his lights on at the time. The only evidence that Nelson’s lights were not on was an affidavit signed by Robert Dunsmore on October 17, 1989, filed in opposition to the motion for summary judgment. Three days after the accident, Dunsmore gave the following statement to the police concerning the accident that resulted in Ms. Inge’s death:
“Q. Did you see the vehicle that collided with her prior to the collision?
“A. No, I did not, I did not really see it even afterwards.
[[Image here]]
“Q. At what speed did the vehicle that collided with [Ms. Inge] appear to be traveling?
“A. I never saw the car.
[[Image here]]
“Q. Could you tell if the vehicle had its lights on?
“A. No.”
Dunsmore’s deposition was taken on July 20, 1989, and he testified under oath, as follows:
“Q. Did you ever — Prior to the impact, did you see the vehicle that hit her?
“A. No.
“Q. And you didn’t see the vehicle at impact either, did you?
“A. No.
[[Image here]]
“Q. Do you have an opinion as to what happened?
“A. No
“Q. ... [A]s I understand your testimony, you never saw the vehicle—
“A. Never saw it.”
“Q. —that was involved?”
In his affidavit, Dunsmore stated: “At no time before impact did I see headlights directed toward [Ms. Inge], If Mr. Nelson’s headlights had been on, I would have been able to tell.”
A trial court may find an affidavit filed in opposition to a motion for summary judgment to be a sham when it merely contradicts, without valid explanation, testimony on deposition. Enoch v. Firestone Tire & Rubber Co., 534 So.2d 266, 269-70 (Ala.1988); Lady Corinne Trawlers, Inc. v. Zurich Insurance Co., 507 So.2d 915, 917-18 (Ala.1987).
The trial judge considered Dunsmore’s affidavit a sham and disregarded it, for the following appears in his order:
“When asked if he had any opinion what caused Nelson to hit the deceased, Duns-more could have replied that Nelson did not have his headlights on or he did not think Nelson had his headlights on. The question was the broadest possible and allowed Dunsmore the opportunity to give any opinion or reason he could conceive which suggested that Nelson was at fault. Inge’s counsel, at the hearing on this motion, suggested that Nelson’s counsel just did not ask the right question. This suggestion ignores the fact that Inge’s counsel was present at the deposition, questioned Dunsmore and, apparently, did not ask the ‘right question.’ ”
Under authority of Enoch and Lady Corinne Trawlers, I must conclude that the trial court did not err. There was no credible evidence that Nelson’s headlights were not on. Ms. Inge failed to produce substantial evidence to make this an issue for the trier of fact under either of these two tests for determining wantonness. Therefore, there was no substantial evidence of wantonness. The trial court did not err in entering the summary judgment on the wantonness claim, and I would affirm. I must dissent here, just as I did in Burns v. Moore.