PER CURIAM.
Mary Opal Kelley appeals from a judgment rendered on a jury verdict in favor of the defendants, Hassell Smith and J.B. Smith, in an action arising out of a motor vehicle accident. The questions presented are whether there was sufficient evidence to allow the jury to conclude that Smith’s conduct was not wanton, and whether the trial court correctly instructed the jury.
On December 7, 1988, Kelley, a resident of Iron City, Tennessee, was driving south on Highway 13 in Wayne County, Tennessee. Smith, a resident of Waterloo, Alabama, was driving a tractor-trailer truck loaded with pulpwood on Highway 13, en route to Courtland, Alabama. He was employed as a truck driver by J.B. Smith. (To avoid confusion, Hassell Smith will be referred to as “Smith.” J.B. Smith will be referred to as “Smith’s employer.”) Near Collinwood, Tennessee, Smith began following Kelley along Highway 13. As their two vehicles approached the state line, Kelley slowed to make a turn. As Kelley began to slow, Smith crossed the double yellow lines separating the lanes and attempted to pass Kelley. According to Smith’s testimony, Kelley had turned on her right turn signal before slowing. Therefore, he said, he did not believe it would be dangerous to pass her on the left. However, as Smith began to pass, Kelley made a left turn into a parking lot. Smith *1097 tried to avoid a collision with Kelley but was unsuccessful. Kelley was injured in the collision and her automobile was damaged.
Kelley filed a complaint against Smith and Smith’s employer, alleging that Smith had been negligent or wanton in crossing the double yellow lines as she was preparing to turn. In his answer, Smith raised the affirmative defense of contributory negligence, arguing that Kelley had acted negligently in turning on her right turn indicator but then turning to the left.[1] The jury returned a verdict in favor of Smith and his employer on both counts in Kelley’s complaint. Kelley filed a motion for a new trial, arguing that there was no evidence to support the jury’s finding that Smith’s conduct was less than wanton. She also contended that the court’s instructions to the jury were erroneous. Kelley’s motion was denied and she appeals.

Wantonness

Kelley argues that she was entitled to a new trial on her claim of wantonness because Smith conceded that he knowingly violated the law by crossing the double yellow lines. She contends that it is “obvious” that his conduct was wanton and that, therefore, there was no evidence to support the jury’s finding to the contrary.
Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and with a conscious appreciation that from the doing of such act or omission of such duty, an injury will likely or probably result. However, a plaintiff alleging wantonness is not required to show that the defendant intended to injure him. Burns v. Moore, 494 So.2d 4 (Ala.1986); Bishop v. Poore, 475 So.2d 486 (Ala.1985); Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716 (1967); Alabama Pattern Jury Instructions: Civil, 29.00 (1974).
The determination of whether conduct was wanton is a question of fact that turns upon the circumstances of each case. Brown v. Turner, 497 So.2d 1119 (Ala.1986). In the instant case, there was a significant dispute concerning one of the circumstances attending the accident. Smith testified that he began to pass Kelley’s car on the left side only after she had turned on her right turn indicator. There was a state highway onto which. Kelley could have made a right turn approximately 75 feet from the entrance to the parking lot into which she turned. Smith testified that because he believed Kelley was preparing to turn to the right, he saw no danger in passing her on the left side. That testimony was consistent with the statement Smith gave to the Tennessee state trooper who investigated the accident.
Kelley testified, however, that she did not turn on her right turn indicator, but instead, turned on her left turn indicator. The only adult passenger in Kelley’s car, Beverly Yarbrough, testified that she heard “the click of the signal light being turned on.” However, she was not able to state whether Kelley had turned on her right turn indicator or her left turn indicator.
That testimony created a conflict that could be resolved only by an assessment of the witnesses’ credibility. That task is exclusively within the province of the jury, and this Court will not substitute its own judgment for that of the jury. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala.1986). From the verdict it is clear that the jury rejected Kelley’s testimony and accepted Smith’s testimony that he did not consciously appreciate that his conduct would place Kelley in peril. Accepting Smith’s testimony, the jury could properly find that his conduct was not wanton. Burns, supra; Bishop, supra.
Alternatively, Kelley argues that, even if the jury did accept Smith’s testimony, his testimony estalished only that Kelley was contributorily negligent. She points out that contributory negligence is not a bar to recovery on a claim for wantonness. Gold *1098 en v. McCurry, 392 So.2d 815 (Ala.1980). Her argument on this point fails, however, because Smith’s testimony supports not only a finding that Kelley was contribu-torily negligent but also a finding that Smith was not wanton. Reviewing the record, we find sufficient evidence to support the jury’s verdict.

Jury Instruction

Finally, Kelley argues that the trial court erred by refusing to give the following requested instruction to the jury:
“The court charges that the plaintiff, Mary Opal Kelley, had a right to [assume] that the defendant, Hassell L. Smith, would not try to pass her vehicle on a double yellow line.”
Kelley has directed this Court’s attention to a number of cases wherein this Court held that it was not error to give substantially similar jury instructions. See, e.g., Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306 (1963); Culverhouse v. Gammill, 217 Ala. 137, 115 So. 105 (1928); and Alabama Pattern Jury Instructions: Civil, 26.15 (1974). However, Kelley has not directed our attention to, nor has our research revealed, a case where the court’s refusal to give such an instruction was held to be reversible error.
After reviewing the entirety of the court’s charge, as this Court must do when determining the correctness of the charge, Underwriters National Assurance Co. v. Posey, 333 So.2d 815 (Ala.1976), we find that the court “fairly and substantially” instructed the jury on the Rules of the Road, negligence, negligence per se, contributory negligence, and wantonness. Therefore, the substance of Kelley’s requested instruction was given in the charge as a whole, and the refusal to give the requested instruction was not reversible error. Bateh v. Brown, 293 Ala. 704, 310 So.2d 186 (1975).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.
STEAGALL, J., dissents.

. Although the accident occurred in Tennessee, the parties agreed to try the case in, and pursuant to the laws of, Alabama.