Martin testified that he had gotten only about two hours' sleep in approximately a 36-hour period of time. Further, on the day of the wreck, Martin had only been driving about two months and had never driven a vehicle like the 24-foot U-haul truck.
Roszell maintains that the case of Bishop v. Poore,475 So.2d 486 (Ala. 1985), is controlling and that the issue of wantonness should have been presented to the jury. Specifically, she contends that the facts in Bishop are so similar to those in this case that the court erred in removing the wantonness claim from the jury.
In Bishop, a car accident occurred in almost the same location as the accident in this case. Additionally, the court noted that the intersection where the accident occurred inBishop was well-lit with no obstructions to visibility. In view of these facts, the court concluded that:
 "Under these circumstances, the evidence that defendant never looked in the direction of the plaintiff arguably provided some evidence of wanton conduct on the part of the defendant. His failure to look could be regarded as reckless indifference to the knowledge that such omission would likely result in injury to another."
Bishop at 487.
In this case, no evidence was presented to indicate that Martin "never looked." However, Roszell asserts that Martin had slept for only two hours in the 36-hour period prior to the wreck and that the failure to acquire proper rest when operating a 24-foot vehicle for a long distance was evidence of wanton behavior, which required submission of that count to the jury.
Wantonness involves "the doing of some act or omission to do some act with reckless indifference to the knowledge that such act or omission will likely or probably result in injury."Bishop at 487 (citation omitted). It was the failure to look inBishop that provided "some evidence of wanton conduct." Bishop
at 487. Here, I would find that it was the failure to receive more than two hours sleep in the 36-hour period of time that provided some evidence of wanton behavior. In other words, operating a motor vehicle after having failed to get sufficient sleep "could be regarded as reckless indifference to the knowledge that such omission would likely result in injury to another." Bishop at 487.
I recognize that in testing whether there is sufficient evidence to submit an issue to the jury, proof by substantial evidence is now required. § 12-21-12, Code 1975. However, I would also note that in determining whether sufficient evidence of wantonness existed to submit the wantonness count to the jury, "this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence."Bishop at 487.
What constitutes wanton misconduct depends upon the facts presented in each particular case. Brown v. Turner,497 So.2d 1119 (Ala. 1986). I think the facts were sufficient in this case to submit the wantonness count to the jury and would reverse for a new trial. Therefore, I respectfully dissent. *Page 518