The plaintiff, Anna M. Kennedy, appeals from a judgment based on directed verdicts in favor of the defendant Jack Smith Enterprises ("Smith") as to a wantonness claim and the defendant McDonald's Corporation as to all of Kennedy's claims against it. We affirm.
The record indicates the following pertinent facts.
Kennedy patronized a McDonald's restaurant owned and operated by Smith, on a regular basis, usually three times a day. Typically, at lunch, she would pick up her meal at the drive-in window and eat it in her car in the restaurant parking lot.
On May 11, 1990, the restaurant parking lot was being resurfaced. Kennedy purchased her lunch at the drive-in window and decided to back into a shaded parking place to eat. After eating, Kennedy exited her car and walked down the sidewalk to dispose of her trash. After doing so, and as she was returning to her car, Kennedy tripped over a car stop and was injured.
The car stop that Kennedy tripped over was black, as was the parking lot pavement. Kennedy states that the car stop was effectively camouflaged by its paint color, and that her injuries resulted from its coloration.
Kennedy alleged that Smith had known of a similar previous tripping incident, but had never attempted to investigate or remedy any problem caused by the paint color on the car stops.
Kennedy sued McDonald's Corporation and Smith, alleging that Smith had acted negligently and wantonly and claiming that McDonald's Corporation was liable for Smith's acts, on an agency theory. Also, Kennedy made one claim against McDonald's Corporation individually, alleging that it had negligently inspected the parking lot area and that its negligent inspection had caused the injury.
After the close of Kennedy's evidence, the court directed a verdict in favor of McDonald's Corporation on the ground that there was insufficient proof of agency and, apparently, on the ground that there was insufficient proof on the negligence claim against it individually. The court directed a verdict for Smith on the wantonness claim against him. The negligence claim against Smith was submitted to the jury, which returned a verdict for Smith. Kennedy appeals.
A defendant seeking a directed verdict must show that the plaintiff's evidence shows no genuine issue of material fact *Page 1328 
and that the defendant is entitled to a judgment as a matter of law. If the defendant does so, and the claimant in rebuttal, fails to produce substantial evidence in support of each element of his or her claims, then a directed verdict is proper. Danforth v. Arnold, 582 So.2d 545 (Ala. 1991). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870 (Ala. 1989). On this appeal, the issues relate to whether Kennedy presented substantial evidence. We first address the directed verdict as to the wantonness claim.
What constitutes wantonness depends on the facts presented in each particular case. Pate v. Sunset Funeral Home,465 So.2d 347, 349 (Ala. 1984); Westbrook v. Gibbs, 285 Ala. 223,231 So.2d 97 (1970). For a party to be found guilty of wantonness, it must be shown that with reckless indifference to the consequences of his or her action, the party consciously and intentionally did some wrongful act or omitted some known duty, and that this act or omission caused the injury. Brown v.Turner, 497 So.2d 1119 (Ala. 1986).
After a thorough review of the evidence, we agree that the plaintiff's evidence was inadequate to justify submitting the wantonness claim to the jury. In this respect, we reject Kennedy's argument that Smith's knowledge of one tripping incident that had occurred more than three years earlier was "substantial evidence" that Smith had acted wantonly. There was no evidence suggesting that the first tripping incident was related to the color of the car stop.
Because we affirm the judgment for the defendant Smith, we need not consider any issues relating to whether Smith was the agent of the defendant McDonald's Corporation. Any error in concluding that there was no agency relationship would have been harmless.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.